FRED B. DOLLOFF *vs.* PHŒNIX INSURANCE COMPANY.

SAME *vs.* GERMAN–AMERICAN INSURANCE COMPANY.

Kennebec.    Opinion January 20, 1890.

*Fire Insurance.    Fraud.    False swearing.    Forfeiture.*

Where a policy of fire insurance provides that "any fraud or attempt at fraud or any false swearing on the part of the assured" shall cause a forfeiture of all claims under the policy, a wilfully false statement in the proof of loss after the fire of some pretended losses, will completely forfeit the entire policy even though the actual losses truly stated exceeded the entire amount of the policy.

ON EXCEPTIONS.

These were actions of assumpsit on two policies of fire insurance brought to recover the aggregate sum of $4,000.    The plaintiff had one policy of insurance for $2,000 in each of the defendant companies, each policy covering both buildings and personal property.

Plea, general issue with a brief statement of forfeiture of the policy through fraud, attempted fraud, and false swearing by the plaintiff in his proof of loss, and examination thereunder.    This defense was relied on at the trial, in the superior court for Kennebec county, especially fraud and false swearing as to the personal property set forth in the proof of loss.    On this point the defendants offered evidence to prove (1) the false and fraudulent insertion of articles which the plaintiff knew were not in the house at the time of the fire; (2) false and fraudulent exaggeration of quantities of such classes of articles as were in the house; (3) false and fraudulent exaggeration of the value of the articles destroyed.

The plaintiff's proof of loss contained 564 distinct items or classes of items, and aggregating $6,800.    He claimed the value of the buildings was $3,200, and that their contents,—the household goods and farming implements,—was $3,600.

Upon these issues of fraud, attempted fraud, and false swear-

ing by the plaintiff, the presiding justice instructed the jury as follows :—

1. "That if the plaintiff knowingly put a false and excessive valuation on any single article, or put such false and excessive valuation on the whole as displays a reckless and dishonest disregard of the truth in regard to the extent of the loss, such knowing over-valuation is itself fraudulent and the plaintiff cannot recover at all."

2. "That if the plaintiff falsely and knowingly inserted in his sworn schedule of loss, as burned, any single article which in fact was not in the house, or was not burned, this would constitute a fraud on the company, and the plaintiff can not recover anything on his policy."

3. "That any wilfully false or fraudulent statement in regard to the loss of its amount, would avoid the policy whether the actual loss was greater or less than the amount claimed by the insured."

4. "That if the jury find that the plaintiff knowingly claimed in his sworn proof of loss more goods than were actually destroyed by fire, that would constitute the fraud,—I should rather say constitute the attempt at fraud,—and false swearing mentioned in the contract."

5. "That it is not necessary that the fraud should be to the full extent of the proof of loss, but that if in any respect the plaintiff purposely and designedly made a false statement in regard to the proof of loss, of what his loss was, although it might have been one of small amount, it defeats the policy for the full amount, both as to personal property and the buildings."

The jury returned a verdict for the defendants, and the plaintiff excepted to these instructions.

Each policy of insurance contained the following provision:

"Any fraud or attempt at fraud, or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy."

*E. W. Whitehouse*, for plaintiff.

By these instructions, it would be immaterial whether the personal property destroyed by fire was of the value of the amount

of the insurance or not. And, by the same ruling, it was immaterial that the buildings destroyed by fire, and insured under same policies were worth $3,127, with only an insurance of $2,100. The jury were compelled to bring in a verdict for defendants, if they found false swearing as to a single article covered by the policy although that article was worth but one cent.

The false swearing and fraud must be material to affect the policy and avoid it. *Jefferson* v. *Cotheal,* 22 Amer. Dec. p. 573; Western Marine & Fire Ins. Co., 1 La., 216. Also see note in 2 Woods on Insurance, citing *Merrow* v. *Great Republic Ins. Co.*, 35 Mo. 148. The true interpretation of the law, as to false swearing, is that it must be as to a material point. If the goods are personal property, destroyed by fire, amounting in value to more than the amount of insurance, then the false swearing and over-valuation, as to single articles or any portion thereof must be to the extent and purpose of enlargement beyond the amount of insurance thereon; otherwise, there is no materiality in the false statement or over-valuation, or including articles as being destroyed that were never there. If there is personal property enough destroyed by fire, covered by the policy to the amount of the insurance, it does not become material. The judge erred in his instructions to the jury. He should have instructed them that if they found the articles destroyed by fire were not of the value of the amount of insurance, and found that the plaintiff's proof of loss was to the effect that the goods were of larger amount than the insurance named in the policy, and then found that such proof of loss and statement was false and fraudulent and done with the intent to deceive the defendants, then the false swearing would have become material and the jury could rightly have found the verdict for the defendants, and such false swearing would then have avoided the policy.

Take it in the case at bar. The value of the buildings destroyed by fire was $3,127, the amount of insurance $2,100. The personal property destroyed was equal to and exceeded the amount of insurance thereon by some hundreds of dollars. How can a false statement affect the insurance in this case if, as of

necessity it must do, it relates to the value of an article which could not possibly have affected defendants?

Then, again, the interest of third parties, such as mortgagees are interfered with by the act of the mortgagor upon an immaterial matter. The instructions of the presiding justice should have gone to the extent that the false swearing should have been done with an intention to deceive defendants or get an advantage of them. In the case of *Merrow* v. *The Great Republic Ins. Co.*, before cited, the presiding judge refused to instruct "If the jury believe, from the evidence, that the plaintiff made the affidavit on the 10th of April, 1860 and that at the time he made it he did not know the amount of stock on the first floor and cellar, of the store therein mentioned, if at said time, plaintiff knew that he did not know the amount, then he has been guilty of false swearing, within the intent and meaning of the policy, and in that place, the plaintiff cannot recover."

*Baker, Baker and Cornish,* for defendants.

The exceptions involve three propositions: (1) Wilfully false statements by the insured in his proof of loss as to the amount or value of the goods burned, constitute fraud or attempt at fraud in law; (2) such fraud, or attempt at fraud, though committed with reference to the personal property alone, avoids the policy both as to buildings and personalty; (3) It avoids the policy *in toto*, whether the actual loss was greater or less than the amount claimed by the insured.

Counsel cited: May on Ins. § 479; Wood, Fire Ins. § 429; Griswold's F. Underwriters' Text Book, § 598; *Goulstone* v. *Ins. Co.*, 1 F. & F. 276; *Britton* v. *Ins. Co.*, 4 Id. 905; *Chapman* v. *Pote*, 22 L. T. N. S., 306; *Howell* v. *Ins. Co.*, 3 Ins. L. J. 656; *Leach* v. *Repub. Ins. Co.*, 58 N. H. 245; *Huckberger* v. *Ins. Co.*, 5 Biss. 106; *Sibley* v. *Ins. Co.* 9 Id. 31; *Moore* v. *Ins. Co.*, 28 Gratt., 508., S. C. 26 Am. Rep. 373-6; *Shaw* v. *Ins. Co.*, 2 Hask. 246; *Little* v. *Phœnix Ins. Co.*, 123 Mass. 380; *Cushman* v. *Ins. Co.*, 5 Allen N. B., 246; *Ins. Co.* v. *Cushman*, 2 Sup. Ct. of Can. 411; *Harris* v. *Ins. Co.*, 10 Ont. 718; *Mullen* v. *Ins. Co.*, 58 Vt. 113; *Sternfield* v. *Ins. Co.*, 50 Hun. 262; *Claflin* v. *Ins. Co.*, 110 U. S., 81; *Ins. Co.* v. *DeFord*, 38 Md. 382; *Park* v. *Ins. Co.*, 19 Up.

Can. Q. B. 110; *Sleeper* v. *Ins. Co.*, 56 N. H., 401; *Wall* v. *Ins. Co.*, 51 Maine, 32.

"With intent to defraud" need not be expressed in terms in the instructions. *Lord* v. *Goddard*, 13 How. 198; *Hammatt* v. *Emerson*, 27 Maine, 308; *Foster* v. *Charles*, 7 Bing. 105; all cited and approved in *Claflin* v. *Ins. Co.*, 110 U. S., 81.

EMERY, J. The plaintiff procured of the defendant insurance company a policy of fire insurance for $2,000 upon his home buildings and contents, each building being separately valued, and the contents also having a separate valuation. The policy of insurance contained the following stipulation: "Any fraud, or attempt at fraud, or false swearing on the part of the assured shall cause a forfeiture of all claims under this policy." The buildings and contents were consumed by fire, and the plaintiff as required by the policy and also by statute, (R. S., c. 49, § 21,) notified the company of the loss, and delivered to them a written statement on oath, purporting to be a particular account of the loss and damage. In this instrument called "proof of loss," the plaintiff, as the jury have found, knowingly and purposely made false statements on oath of some pretended losses which he did not in fact sustain.

He contended, however, that his actual losses, throwing out his pretended losses, exceeded the whole amount of the policy, and that consequently the defendant company were not and could not be harmed by his false statement of additional losses, and should pay him his actual loss.

His argument was, that these false statements of additional losses did not increase the risk or the liability of the company,—that the true statements showed a loss of over $2,000, and hence the false statements did no fraud, nor harm. The presiding justice overruled this contention, and instructed the jury to the opposite effect. The verdict being against him the plaintiff excepted, and his exceptions present substantially this question: When the actual losses, truly stated in a proof of loss, exceed the whole amount of the insurance, will a knowingly and purposely false statement on oath in the proof of loss, of other pretended losses,

destroy the plaintiff's claim for his actual losses under such a policy as this?

We cannot doubt that it will. The parties stipulated that it should. It is so provided in the contract, and it is a lawful provision. The contract of insurance is one of indemnity only. The sole lawful object of obtaining a policy of insurance is to secure simple re-imbursement for actual loss. Any purpose of making a profit on the part of the assured is unlawful and will vitiate the contract. Such being the nature of the contract, it requires good faith on the part of the assured toward the insurers. Especially is this so in the adjustment of the loss after a fire. It is impracticable for the insurers to ascertain for themselves the extent of the losses, particularly where the contents of a dwelling-house and barn are insured, as in this case. The assured, and his family or servants, are usually the only persons who can give a true account of the losses. The insurers therefore usually, as in this policy, require from the assured a detailed statement on oath of such losses, as a necessary preliminary to the payment of the indemnity. The statute also requires this (R. S., c. 49, § 21). The statute and the policy both make this statement a necessary preliminary to a right of action on the policy, and they both comtemplate of course a true statement. The demand of the statute and of the policy for such a statement is addressed to his conscience, like a bill for discovery. When, therefore, he meets this demand with knowingly false statements of losses he did not sustain, in addition to those he did sustain, he ought to lose all standing in a court of justice as to any claim under that policy.

The court will not undertake for him the offensive task of separating his true from his false assertions: Fraud in any part of his formal statement of loss, taints the whole. Thus corrupted, it should be wholly rejected, and the suitor left to repent that he destroyed his actual claim by the poison of his false claim. *Claflin* v. *Insurance Co.*, 110 U. S. 81; *Sleeper* v. *Insurance Co.*, 56 N. H. 401; *Wall* v. *Insurance Co.*, 51 Maine, 32.

We have not overlooked the case of *Shaw* v. *Insurance Co.*, 1 Fed. Rep. 761, where Judge Lowell makes the distinction con-

tended for by the plaintiff here. There the stipulation in the policy was : "All fraud or attempt at fraud *by* false swearing, &c." Here the words are, "Any fraud, or attempt at fraud, *or* false swearing, &c." It might be that there, harmful fraud should appear, while here, false swearing by itself, is made a cause for forfeiture. But it will be seen that the U. S. Supreme Court in *Claflin* v. *Insurance Co.*, *supra*, three years after Judge Lowell's opinion, considered the same question, and decided it the other way, holding that false swearing alone, without its operating as a fraud upon the company, forfeited the policy.

The plaintiff invokes § 20 of c. 49, (the Insurance Law) R. S., but that does not rescue him. It does not purport to save the assured from the consequences of his own fraud. It simply provides that immaterial and innocent misstatements shall not avoid the policy. If the statements called for in that section are material or fraudulent, they are fatal. But that section has reference only to statements made in procuring the policy of insurance. It does not apply to statements made after the loss, in the proof of loss. No allusion was made to this statute in *Wall* v. *Insurance Co.*, *supra*, but it is uncertain whether the decision was before or after the enactment of the statute. It was intimated in *Bellatty* v. *Ins. Co.*, 61 Maine, 414, sometime after the passage of the statute, that fraud in the proof of loss, if established, would bar the suit. While in *Williams* v. *Insurance Co.*, 61 Maine, 67, the jury negatived any fraud or false swearing, in the over-valuation of the goods, it was assumed that fraud or false-swearing, if established, would forfeit all claim under the policy.

It is further suggested by the plaintiff, that the buildings having been separately valued in the policy, the insurance on them is not affected by any false swearing as to the personal property. The policy of insurance, however, is an entire, single contract, to stand or fall as a whole, so far as fraud, or false swearing, is concerned. *Barnes* v. *Insurance Co.*, 51 Maine, 110.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.