THE DAVIS-SCOFIELD COMPANY *vs.* THE RELIANCE INSURANCE COMPANY.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS AND YEOMANS, JS.

Argued November 1st, 1928—decided March 7th, 1929.

*Philip Pond* and *Joseph B. Morse,* for the appellant (plaintiff).

*Abraham Wofsey,* with whom was *Michael Wofsey* and, on the brief, *Samuel Gordon,* for the appellee (defendant).

WHEELER, C. J. The policy upon which the action is based contains the following provision: "This entire policy shall be void . . . in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The plaintiff makes, by reference, the same argument and cites the same authorities presented in the companion case upon the alleged fraudulent concealment of the plaintiff through its agent, Scofield, as to the claim of the defendant of the false swearing of plaintiff in the proofs of loss. The conclusions reached in the companion case are determinative, in the principles there applied, of this case. The presentation of a false claim of loss by an insured is a fraud upon the insurer, within the terms and meaning of this provision of the contract of insurance, and voids the contract. This provision is a part of the standard form of a fire insurance policy. General Statutes, § 4075. The fraud or false swearing by an assured after a loss which will bar recovery for the loss is the intentionally made false and fraudulent statements or the intentionally false swearing. Where the false swearing was not intentionally false, or the false statement not intentionally so, but made through mistake or an opinion honestly entertained, neither falls within the term "fraud or false swearing" as used in this provision. New York has the same standard form of fire insurance policy and has so held. *Domagalski* v. *Springfield F. & M. Ins. Co.,* 218 N. Y. Supp. 164, 166; *Dolloff* v. *Insurance Co.,* 82 Me. 266, 19 Atl. 396. The fraud and false swearing by Scofield are expressly found to have been

intentional. The defendant has not as yet been injured, having made discovery of the violation of this provision before it had made payment of the loss. Proof of such injury was no part of defendant's defense. "When the insurance company establishes that the statements made [by the insured] were relevant, material, and intentionally false, it has established its defense." *Domagalski* v. *Springfield F. & M. Ins. Co., supra.* The false proofs of loss and the false inventories were manifestly material facts.

The plaintiff cannot escape responsibility for the fraud of its agent Scofield by showing its ignorance of his fraud. It entrusted the settlement of this loss and the making up of the proofs of loss to its agent; it cannot be permitted to deny its responsibility for his acts when done within the scope of his agency. It cannot sustain its action upon the policy without adopting the fraud of Scofield and this the law will not sanction. *Mullin* v. *Vermont Mutual Fire Ins. Co.,* 58 Vt. 113, 4 Atl. 817; *Mick* v. *Corporation of Royal Exchange,* 187 N. J. L. 607, 617, 618, 91 Atl. 102, and cases cited in companion case.

There is no error.

In this opinion the other judges concurred.