[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON JOHN A. PERRINO'S MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
RULING ON MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR ADDITUR OF MIDDLESEX MUTUAL ASSURANCE COMPANY
These cases arise from events related to a fire which severely damaged the residence of John A. Perrino ("Perrino") on June 9, 1990. At the time of the fire Perrino's residence was insured against fire loss under a policy issued by Middlesex Mutual Assurance Company ("Middlesex Mutual"). Following the fire, Perrino made a claim under that policy.
At trial the following facts were admitted by Perrino. After the fire, Perrino forged receipts from a refuse removal company which he presented to Middlesex Mutual to support his claim that he had expended in excess of $7,000 for refuse removal in connection with the fire. Perrino also represented to Middlesex Mutual that he had significant furnishings and fixtures in the third floor of his residence, which floor was completely destroyed by the fire. Among those furnishings and fixtures were a jacuzzi, a sauna, an antique oak floor and ceiling, and solid redwood panelling on the walls. The third floor of Perrino's residence contained none of those furnishings and fixtures.
Perrino further admitted at trial that at his examination under oath, a procedure required under the terms of the Middlesex Mutual insurance policy, he had represented under oath that the third floor of his residence contained the furnishings and fixtures referred to above. Moreover, at that examination he provided Middlesex Mutual with a list of names of people who had also seen the jacuzzi, sauna, and other (nonexistent) contents of the third floor, as well as a picture of the jacuzzi and the death certificate of the plumber who had, according to Perrino, installed the jacuzzi!
At some time after the examination under oath Middlesex Mutual denied Perrino's claim under the concealment or fraud provision of the insurance policy which provides:
 Concealment or Fraud. The entire policy will be void, if whether before or after a loss, the insured has:
CT Page 3616
 a. intentionally concealed or misrepresented any material fact or circumstance;
b. engaged in fraudulent conduct; or
c. made material false statements;
relating to this insurance.
Perrino commenced this action against Middlesex Mutual to recover the replacement cost of his dwelling and fixtures. Middlesex Mutual sued Perrino to recover the amount of $44,147, which it had already paid him under the insurance policy. The actions were consolidated for trial and tried before a jury. The jury responded to jury interrogatories in a manner which indicated that it found that Perrino's misrepresentations had rendered the, insurance policy void. It returned a verdict in favor of Middlesex Mutual in its case against Perrino, but awarded no damages. The jury also returned a verdict in favor of Perrino in his action against Middlesex Mutual. However, rather than awarding Perrino the replacement cost of his dwelling and its contents, an amount which exceeded $750,000, the jury awarded him only the $44,147 which he had already received from Middlesex Mutual. In other words, the jury indicated that Perrino should not receive any further amounts from Middlesex Mutual, but allowed him to keep what he had already received.
The charge to the jury contained the following language concerning the concealment and fraud clause of the insurance policy:
 Middlesex Mutual must prove three elements to prevail on their breach of contract case in defense:
 1. That Mr. Perrino made a false statement to Middlesex Mutual.
2. That any false statement was material.
 3. That Mr. Perrino made the false statement with knowledge that the statement was false.
The court instructed the jury that it could find that elements 1 and 3 had been proved because Perrino admitted that he did make CT Page 3617 false statements to Middlesex Mutual and that he knew that one or more of his false statements were false at the time he made the statement. Therefore, the second element, whether the false statements were material, was the only dispositive issue before the jury.
The court also charged the jury as follows:
 If you find by a fair preponderance of the evidence that Mr. Perrino knowingly made false material statements or concealed material facts relating to his insurance, then the policy is null and void and you must render a verdict in favor of Middlesex Mutual.
The following interrogatory concerning materiality was submitted to the jury:
 Was any false statement or concealed fact material in that: (a) the false statement concerns a subject relevant and germane to Middlesex Mutual's investigation as it was then proceeding; (b) the false statement might be said to discourage, mislead, or deflect Middlesex Mutual's investigation in any area that might seem to it to have been a relevant area to investigate at the time; or
 (c) the false statement relates to or affects Middlesex Mutual's obligation under the insurance policy, including but not limited to, the amount of its obligation?
_______ Yes _______ No
The jury answered the above interrogatory "Yes," thereby finding in favor of Middlesex Mutual on the only dispositive issue in this case.
Middlesex Mutual has moved for a judgment in its favor notwithstanding the verdict in favor of Perrino on the ground that 1) the judgment is inconsistent with the answer to the interrogatory cited above, and 2) it is entitled to a judgment as a matter of law, because Perrino's false statements were material as a matter of law. Middlesex Mutual has also moved for an additur CT Page 3618 in the amount of $44,147 in its case against Perrino.
Perrino has moved for additur to the judgment in his favor, or, in the alternative, that the verdict in Perrino's favor be set aside on the grounds that 1) it is inadequate; 2) the inadequacy of the verdict in conjunction with the jury interrogatories reflects that the jury did not understand the court's charge; 3) the court erred in not charging that the jury had to find an intention to deceive or defraud before it could find in favor of Middlesex Mutual on the concealment and fraud defense; and 4) the court should have ordered the jury to reconsider the answer to the above-cited interrogatory, before it discharged the jury.
Under Connecticut General Statutes 38a-307 and 38a-308
every fire insurance policy written in Connecticut is required to contain a fraud and concealment provision like the one present in the insurance policy at issue in this case. That provision emanates from the original New York fire policy. See 27 McKinney's Insurance Law 3404. Connecticut adopted the same basic provision in 1945. See Cumulative Supplement of the General Statutes of Connecticut, 848h and 853h (1945).
The concealment or fraud provision clearly provides that the penalty for making material false statements is a voiding of the entire policy. While the result may seem harsh, the rationale for such a penalty is to "ensure that the parties will deal fairly and honestly with each other." Morgan v. Badger Mut. Ins. Co.,181 F. Sup. 496, 499 (D.C. Fla. 1960). The basis for this rationale was articulated more than one hundred years ago:
 The insured is presumed to know better than anyone else the value of his property and the amount of his loss, and is bound to make his statement of loss honestly, without any attempt to obtain more than his actual damages; and this rule of law [that] thus defeats all claims, unless honestly made, is intended to protect insurance companies from frauds which might otherwise be perpetrated on them. It is a rule which can do an honest man no harm.
Huchberger v. Home Fire Ins. Co., 12 F.Cas. 793 (CC.Ill. 1870).
This rationale has been reaffirmed in more recent cases. In CT Page 3619 Longobardi v. Chubb Ins. Co. of New Jersey, 582 A.2d 1257, 1261,121 N.J. 530 (1990), the New Jersey Supreme Court held that:
 misrepresentations [made during the insurer's post-loss investigations] strike at the heart of the insurer's ability to acquire the information necessary to determine its obligations and to protect itself from false claims.
In American Diver's Supply Manufacturing Corp. v. Boltz,482 F.2d 795, 798 (10th Cir. 1973), the United States Court of Appeals for the Tenth Circuit held that:
 While discovered misrepresentations do not normally result in penalties to the unsuccessful defrauder — other than losing the unjustified benefits of whatever action he sought to induce — that situation is unlike the case where the attempted defrauder is also expecting the insurance company to comply with the reimbursement provisions of a contract which they have entered into. The penalty for attempted fraud in an insurance case where a fraud clause exists, on the other hand, is not simply forfeiture of the excess of inflated recovery amount but the voiding of all actual loss benefits as well. But we cannot accept that his is too harsh a consequence in view of the insured's being put on notice and the alternative of encouraging "an everything-to-win, nothing-to-lose proposition" for the insured.
Although the penalty under the fraud or concealment clause may seem harsh, it does not apply to innocent misrepresentations by an insured. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,692, 590 A.2d 957 (1991).
False statements by an insured are material "if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding." Fine v. Bellefonte Underwriters Insurance Co., 725 F.2d 179, 183 (2d Cir. 1984). False statements which might have affected the attitude or action of the insurer or which would discourage, mislead or deflect the CT Page 3620 insurer's investigation are also material. Id. at 184. "An insured's misstatement is material if when made a reasonable insurer would have considered the misrepresented fact relevant to its concerns and important in determining its course of action." Longobardi v. Chubb Ins. Co. of New Jersey, 582 A.2d 1257, 1263,121 N.J. 530 (1990).
In Allstate Ins. Co. v. Priga, 810 F. Sup. 373 (D. Conn. 1992) (applying Connecticut law), affirmed, 1 F.3d 133 (2d Cir. 1993), Allstate Insurance Company sought a judgment declaring that a homeowner's insurance policy was void under the fraud and concealment clause after the homeowner made misrepresentations on his proof of loss. The misrepresentations concerned the contents of the insured house at the time it was destroyed by fire. As in this case, the homeowner in Priga claimed that various items, including electronics equipment, a video-cassette recorder, and seventeen leather jackets, were destroyed by the fire. He later admitted that those items had never been in his house. The court held that:
 the statements in the Proof of Loss constitute a material misrepresentation in that they were `calculated either to discourage, mislead or deflect [the insurer]'s investigation.' . . . Under the terms of the policy, such misrepresentation to [the insurer] during the investigation of [the insured's] claim renders the policy null and void.
Id. at 378 (citing Fine v. Bellefonte Underwriters Insurance Co., 725 F.2d 179 (2d Cir. 1984)).
Courts in other jurisdictions have held that when an insured knowingly or intentionally includes items in a statement of loss which were not destroyed in an otherwise covered fire loss, the misrepresentation is material and bars the insured's entire claim as a matter of law. See, e.g., Mutual of Enumclaw Insurance Co. v. Cox, 757 P.2d 499, 110 Wash.2d 643 (1988); American Diver's Supply Manufacturing Corp. v. Boltz, 482 F.2d 795 (10th Cir. 1973); Saks v. Continental Insurance Company, 23 N.Y.2d 161,242 N.E.2d 833, 835 (1986); Home Insurance Company v. Hardin,528 S.W.2d 723 (Ky. 1975); Dollof v. Phoenix Insurance Co. 19 A. 396,82 Me. 267 (1890).
Perrino gave false statements as to the contents of his house. CT Page 3621 Such statements concerned property allegedly covered under his insurance policy with Middlesex Mutual and were clearly relevant to Middlesex Mutual's investigation of the claim. Not only did Perrino make false statements about the contents of the house, he also made false statements about others who could give Middlesex Mutual evidence about the contents of the house. Such statements certainly could have had the effect of discouraging, deflecting or misleading the investigation by Middlesex Mutual.
Perrino relies on Rego v. Connecticut Insurance Placement Facility, 219 Conn. 339 346, 593 A.2d 491 (1991) to support his position that the insured's intention to deceive is an element of materiality under the fraud and concealment clause defense. The issue in Rego was whether an insurer had to the prove contract defense of misrepresentation or concealment by more than a preponderance of the evidence. The Court stated in dicta that an insurer who raised such a defense had to prove the insured's intention of deceiving the insurer. The Court cited Chauser v. Niagara Fire Ins. Co., 123 Conn. 413, 196 A. 137 (1937) as authority for the foregoing statement. Chauser incorrectly cited Davis-Scofield Co. v. Reliance Insurance Co., 109 Conn. 686,145 A. 42 (1929) as authority for the statement that an insurer must prove an insured's intention to deceive the insurer in order to prevail on the fraud and concealment defense. In Davis-Scofield Co. the Court stated:
 "When the insurance company establishes that the statements made [by the insured] were relevant, material and intentionally false, it has established its defense."
Id. at 690. The decision contained no reference whatsoever to an intention to deceive the insurer. Rather, the Court distinguished false statements which are deliberately or intentionally made and would, therefore, void the policy from false statements made by mistake or believed to be true which would, therefore, not void the. policy:
 The fraud or false swearing by an assured after a loss which will bar recovery for the loss is the intentionally made false and fraudulent statements or the intentionally false swearing. Where the false swearing was not intentionally false, or the false statement not intentionally so, but made CT Page 3622 through mistake or opinion honestly entertained, neither falls within the term "fraud or false swearing" as use in this provision.
Id. at 689. In order to void an insurance policy due to false statements made by the insured, the only intention required of the insured is that he had the intent to make a statement which he knew to be false.
In State Bank Trust Co. v. Connecticut General Life Insurance Co., 109 Conn. 67, 145 A. 565 (1929) the Court again addressed the requisite mental state of an insured which would void an insurance policy for false material statements. In that case, the Court held that knowledge that the statements were false would be sufficient:
 Material representations such as these, . . . which were untrue and known by the assured to be untrue when made, invalidate the policy without further proof of actual conscious design to defraud.
Id. at 72.
The United States Supreme Court addressed the requisite intent of an insured in making a false material statement in connection with an insurance claim in Claflin v. Commonwealth Insurance Company, 110 U.S. 81 (1884), where it held that a false statement wilfully made by an insured with knowledge of its falsity was sufficient to void the policy:
 if the matter were material and the statement false, to the knowledge of the party making it, and wilfully made, the intention to deceive the insurer would be necessarily implied, for the law presumes every man to intend the natural consequences of his acts. . . . Where one. . . has made a false representation, knowing it to be false, the law infers that he did so with an intention to deceive [citations omitted].
Id. at 95. CT Page 3623
The false statements made by Perrino to Middlesex Mutual were clearly material and, therefore, the policy was void and Perrino was not entitled to any amounts under the policy, even the amounts which Middlesex Mutual advanced to him prior to denying his claim. The verdict in favor of Perrino was, therefore, incorrect as a matter of law.
In light of the jury's special finding that Perrino's false statements were material the general verdict in favor of Perrino must be set aside. see Belchak v. New York. N.H. H.R. Co.,119 Conn. 630, 179 A. 95 (1935). In Belchak the Court stated that in order to justify the entry of a judgment contrary to a general verdict on the basis of answers to interrogatories, those answers must show conclusively that as a matter of law, judgment could only, be rendered in favor of the party against whom the general verdict was found. In this case the record is clear that the only dispositive issue before the jury in its determination of liability was whether Perrino's false statements were material. The jury found that the materiality element of Middlesex Mutual's defense was satisfied. Therefore, it had no alternative but to render its general verdict in favor of Middlesex Mutual in the action brought by Perrino.
Middlesex Mutual's Motion for Judgment Notwithstanding the Verdict is granted because the judgment in favor of Perrino was inconsistent with the jury's finding that Perrino's false statements were material and because those false statements were material as a matter of law. The court hereby orders an additur to the verdict in favor of Middlesex Mutual in the amount of $44,147.00. If that additur is not accepted by Perrino within two weeks of the date on which he or his attorney receives this decision and order, then a new trial should be held on the issue of damages only.
Perrino's Motion for Additur and Motion to Set Aside the Verdict are denied. The court does not believe that the inconsistency between the jury's interrogatory response and the verdict in favor of Perrino reflects confusion, but rather, it reflects that the jury, having denied Perrino the hundreds of thousands that he sought to recover from Middlesex Mutual, was unwilling to "turn the knife" by making him repay amounts he had received from Middlesex Mutual.
By the Court, CT Page 3624
Aurigemma, J.