## Tom Norville *v.* The State.[*]

### (*Jackson,* April Term, 1921.)

1. **ARSON.** Defendant who burned property with intent to injure insurer guilty whether or not he could have realized on policy.

Where defendant believed that the property burned by him, consisting of the stock and fixtures of a restaurant which he operated, was insured, and acting under such belief, with intent to injure the insurer, he burned the property, he was guilty of a violation of Thomp-Shan. Code, section 6533, whether or not he could have realized on his policy. (*Post,* p. 280.)

Code cited and construed: Sec. 6533 (T.-S.).

2. **ARSON.** No offense at common law to burn one's own insured property.

At common law it was no offense to burn one's own property, even though the property was insured. (*Post, pp.* 280, 281.)

Cases cited and approved: Roberts v. State, 47 Tenn., 359; McDonald v. People, 47 Ill., 533; Arnold v. State, 74 Tex. Cr. R., 269; People v. Morley, 8 Cal. App., 375;

---

### FROM DYER.

---

Error to the Circuit Court of Dyer County.—Hon. Robt. A. Elkins, Judge.

R. D. Chambers, for plaintiff in error.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Green delivered the opinion of the Court.

[*]Arson in setting fire to one's own building to injure insurer, see note in 32 L. R. A. 648.

The plaintiff in error was convicted under the statute making it a felony for any person to burn any building, goods, etc., with intent to injure the insurer thereof.

He denies the charge, and his defense is sustained by other evidence. The State's case, however, is very strong, and we find no preponderance of the proof against the verdict to justify us in setting such verdict aside.

These proceedings were based on the following statute: "If any person willfully burn any building, goods, wares, merchandise, or other chattels which are insured against loss or damage by fire or willfully cause or procure the same to be burned, with intent to injure the insurer, whether such person be the owner of the property or not, he shall be punished by imprisonment in the penitentiary not exceeding 10 years." Thompson's-Shannon's Code, section 6533.

The property burned consisted of the stock and fixtures of a restaurant which plaintiff in error operated in Dyersburg. He testified that when he purchased this outfit he gave "title notes" therefor, which were outstanding at the time of the fire. The policy of insurance was payable to the plaintiff in error alone. It is argued that the policy was invalid by reason of its provisions, since the title to the property was not in the plaintiff in error.

The proof as to the title to this property is not very satisfactory. We may concede, however, that the title had been retained by the vendor of the plaintiff in error, and that the latter could not have enforced this policy against the insurer in a suit at law. Nevertheless the offense committed by plaintiff in error was complete, and the existence of a valid contract of insurance was not necessary.

The gravamen of the crime was the fraudulent intent of the plaintiff in error. The record plainly shows that he believed the property burned was insured, and if, acting under this belief, with intent to injure the insurer, he burned the property, it makes no difference that in fact he could not have realized upon his policy.

Such is the great weight of authority, although the contention made for the plaintiff in error is not without some support.

At common law it was no offense to burn one's own property, and it made no difference that the property was insured. See cases collected in note Ann. Cas., 1913C, 1164. The suggestion in *Roberts* v. *State,* 7 Cold., 359, that the burning of one's house for the purpose of injuring the insurer was a misdemeanor at common law was probably an inadvertence.

To meet this condition of the common law, statutes have been enacted in nearly all the States making it a felony to burn one's property with intent to defraud the insurer, and it is quite generally held that the enforceability of the insurance contract is not an element of the offense.

The reasoning of the cases is well stated by the supreme court of Illinois construing a statute of this kind:

"Then what constitutes the crime created by the act of 1859? It is burning his own property, with a specific purpose, which is, to defraud an insurance company. The intent enters largely into the ingredients of the crime. It consists of the burning of a person's own house, which was not previously a crime, and the intent with which he does the act. The intention is a controlling

element in the crime, and the legislature, under this branch of the statute, has said that if the burning is done, or attempted to be done, with intent to defraud an insurance company, the crime is complete. Not that he or some one else must hold a legal and binding policy upon which the company would suffer loss if the property was consumed. Under the act, the crime is complete if fire is set to the property, with the intent of defrauding the company, although the accused may be mistaken as to the liability of the company, and as to the effect his act may produce upon the rights or interests of the company. The law looks to the intention with which he acts, and not to whether he is well informed of the legal consequences that may attach to the company. It has not said the crime shall only be complete where the insurance company would be defrauded by the act, but it does say, if the act is performed with the intent to produce that result, the crime shall then be complete. It cannot matter, under this enactment, whether the company would be defrauded or not, if the act was committed with the intention of producing that result. It then follows that the crime may be complete, although the policy held by the accused may be invalid, if he believed that it was legal and binding.'' *McDonald* v. *People,* 47 Ill., 533.

Other full discussions of like statutes are contained in *Arnold* v. *State,* 74 Tex. Cr. R., 269, 168 S. W., 122; *Peaple* v. *Morley,* 8 Cal. App., 375, 97 Pac., 84. See, also, note Ann. Cas., 1913C, 1168.

Other errors assigned do not require discussion. The judgment below is affirmed.