**Roland Eugene BAKER,
Plaintiff-Appellee,**

v.

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 6, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 22, 1983.

James C. McBroom, Daniel L. Wischhof, Finch & McBroom, Nashville, for plaintiff-appellee.

Philip M. Kirkpatrick, Stewart, Estes & Donnell, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

Plaintiff brought suit alleging that he was the holder of an insurance policy issued by defendant which covered, among other perils, loss due to theft; that his home was broken into and that several items were stolen; that the loss was reported to defendant and that defendant had refused to pay the loss. He sought recovery for the loss and the penalty provided by T.C.A. § 56–7–105 alleging that defendant's failure to pay was not in "good faith."

Defendant answered admitting that it had issued the policy to plaintiff; that the policy covered theft; and that there was a theft loss at plaintiff's home. Defendant denied that plaintiff was due any amount under the policy because plaintiff had violated and breached the policy by making material misrepresentations which violated certain conditions of the policy.

After an evidentiary hearing the Chancellor found that plaintiff was not entitled to the "bad-faith penalty" but was entitled to recover the sum of $3,514.92 less the $50 deductible for the loss under the policy.

The facts material to our inquiry are as follows:

Plaintiff had resided at 2114 Brookview Drive for seven years. For those seven years and three years prior, he and Steven Ashworth had resided together.

On February 21, 1981, several items of personal property were stolen from plaintiff's home. Included in the items stolen was a Zenith video cassette recorder (VCR).

On February 25, Mickey Brewington, an insurance adjuster employed by defendant, contacted plaintiff by telephone to "get a detailed description of the property taken and how it was taken."

Plaintiff advised Mr. Brewington that he had purchased the VCR from a Cain-Sloan Department Store for cash. He also told Mr. Brewington that all of the items taken in the theft were paid for.

In fact the VCR had been purchased and financed at a Cain-Sloan Department Store by Steven Ashworth. At the time of the theft, there was an outstanding balance in excess of $700 owed to Cain-Sloan.

In March, 1981, Mr. Brewington was told by Mr. Ashworth that he did not own any of the property taken in the theft and did not know if any of the property taken had been financed. Mr. Brewington contacted Cain-Sloan and determined that they had no record of a VCR being purchased by plaintiff but they did have a record of Mr. Ashworth's purchase.

Mr. Brewington then contacted plaintiff by phone and informed him that the claim was being denied because of "the fact of misrepresentation of the ownership of the property that he was claiming was his."

Plaintiff then informed Mr. Brewington that the VCR had been a gift from Mr. Ashworth. Defendant reiterated its denial of the claim.

At trial plaintiff testified that he did not tell Mr. Brewington the VCR was a gift from Mr. Ashworth because he wished to keep his lifestyle private and also did not want Mr. Brewington to harass Mr. Ashworth.

Mr. Ashworth testified that he had purchased the VCR from Cain-Sloan; that he still owed Cain-Sloan for the VCR; and that he had made a gift of the VCR to plaintiff shortly after its purchase from Cain-Sloan.

No other proof was offered relative to whether the VCR was or was not a gift from Ashworth to plaintiff.

The Chancellor found that the VCR was a gift from Mr. Ashworth to plaintiff. That finding comes to this Court accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn.R.App.P. 13(d). Our review of the record fails to disclose that the preponderance of the evidence is otherwise.

The first issue presented by defendant for our determination is as follows:

"Whether the Court erred in holding that Defendant failed to carry the burden of establishing the affirmative defense of fraud or false swearing."

The insurance policy issued to plaintiff by defendant contains the following condition:

> *Concealment, Fraud.* This entire policy shall be void if either before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

In the instant case the facts are clear. Plaintiff made misrepresentations: (1) he informed the adjuster that he had purchased the VCR when, in fact, it was a gift, and (2) he told the adjuster, and signed a proof of loss indicating, that all the property was paid for when, in fact, Cain-Sloan held a security interest in the VCR.

It is also clear that the misrepresentations as to the VCR were willful. In order that his lifestyle would not be revealed, plaintiff told the adjuster that he had purchased the VCR. This was not an honest mistake or lapse of memory.

Were these willful misrepresentations made with intent to defraud defendant?

■ The Chancellor found that plaintiff received the VCR as a gift from Mr. Ashworth. Whether he had purchased the VCR or received it as a gift, it was insured property under the policy. Plaintiff was entitled to be paid for the loss. Plaintiff's informing the Company that the VCR was bought by him for cash instead of being received as a gift could in no way work a fraud upon defendant. Defendant owed plaintiff for the loss in either event.

Mr. Brewington, on cross-examination, testified as follows:

Q. All right, sir. Now, if that had been true, would Nationwide have paid his claim for gifts that he had received also?

A. If it could have been verified through Mr. Ashworth and we could have tied down that it was a gift, we would have honored it, yes, sir.

Q. You heard Mr. Ashworth say today that it was a present, have you not?

A. Yes, I have.

Q. All right, sir. If you had taken the position it was a present, you would have paid for it less the depreciation, I'm talking about?

A. Yes, we would have.

Were the misrepresentations made by plaintiff with regard to material matters?

It is defendant's insistence that a question of insurable interest is raised since Cain-Sloan had a security interest in the VCR. We disagree.

In *Light v. Greenwich Insurance Co.,* 105 Tenn. 480, 58 S.W. 851 (1900), it was held that the purchaser of personal property, in a conditional sale reserving title to the seller, is the equitable owner of the property. Here, the equitable owner Ashworth made a gift of the property to plaintiff. Plaintiff had an insurable interest in the VCR.

In *Boston Marine Insurance Co. v. Scales,* 101 Tenn. 628, 49 S.W. 743 (1898), Justice Wilkes, writing for the Court, stated as follows:

> We are of the opinion, however, that the weight of authority is that statements must be willfully false in some material matter, and made with intent to deceive the insurer, in order that they shall have the effect to defeat the policy.

Further:

> When the false swearing is in the application it forms the basis upon which the contract rests, and if fraud enters into it the policy would be voided even though the policy does not so provide. But after the loss occurs then voiding the policy is in the nature of a penalty or forfeiture; in other words, in such cases the holding is virtually that, although the insured has had a loss, and may be entitled to recover from it, yet, as he has been guilty of fraud in the proofs, he must have his policy vacated and set aside as a punishment for such fraud, or attempted fraud.

In the latter case, as in all cases of forfeiture, a strict construction should be adopted, and the forfeiture not endorsed except on the plainest grounds, if at all. *Id.* at 638–639, 49 S.W. at 746.

We are of the opinion that although the statements in the instant case were willfully false, they were not willfully false in a material matter nor were they made with intent to deceive the insurer in a material matter. These willful statements cannot have the effect of defeating the policy.

Defendant's second issue is as follows:

Whether the Court erred in not admitting into evidence Exhibit No. 7, which was a list of the items allegedly taken in the theft, along with a determination of the value of each item made by the representative of Defendant, and whether the amount reflected on Exhibit No. 7 was the actual value of the loss.

Exhibit No. 7 is a list of the property taken in the theft, prepared by Mr. Brewington and reflecting depreciation for each of the items taken. The depreciation figure was determined by Mr. Brewington using a "guide book." Relative to his qualifications as an expert, Mr. Brewington testified as follows:

Q. All right. Tell the Court what training you've had in depreciating property and handling claims.

A. Yes, okay. We are trained as to . . . well, we have a guide; most insurance companies have a guide where each item has a life expectancy that is agreed to among the insurance industry. And to my knowledge, I used the guide accordingly to the property that was stolen. Now, of course, I wouldn't call myself an expert in depreciation. All I do is go by a guide that is set out by the company.

 The Chancellor has broad discretion in determining the qualifications of expert witnesses and the admissibility of their testimony. *Shelby County v. Barden,* 527 S.W.2d 124 (Tenn.1975). Reversal of the Chancellor's discretion is appropriate only where his action is clearly erroneous or where there has been an abuse of his discretion. *Thomas v. Harper,* 53 Tenn.App. 549, 385 S.W.2d 130 (1964). We find no error in the Chancellor's action in disallowing this portion of Mr. Brewington's testimony. Mr. Brewington did not qualify as an expert witness.

The judgment of the Chancellor is affirmed with costs to defendant and the cause remanded to the Chancery Court for the enforcement of its judgment, the collection of costs, and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.