Wayne **HENDRIX, Plaintiff-Appellee,**

v.

**INSURANCE COMPANY OF NORTH AMERICA and Larry White and Associates, Inc., Defendants-Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 18, 1984.

Permission to Appeal Denied by
Supreme Court Aug. 27, 1984.

Charles S. Kelly, Dyersburg, for plaintiff-appellee.

R.A. Ashley, Jr. and Stephen D. Scofield, Dyersburg, for Larry White and Associates, Inc., defendant-appellant.

Fred M. Ridolphi, Jr., Daniel P. Jaffe, Memphis, for Insurance Company of North America defendant-appellant.

HIGHERS, Judge.

The plaintiff, Wayne Hendrix, and the defendant, Insurance Company of North America (INA), entered into an insurance contract covering the Midway Truck Stop. The insurance policy was to be effective from October 10, 1980, to October 9, 1981, and covered fire loss on the structure for $85,000.00, on the contents for $25,000.00, and on loss of income for $30,000.00. The contract also contained the following provision:

> This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material facts or circumstances concerning this insurance or the subject thereof, or if the insured shall make any attempt to defraud the company either before or after the loss ...

In September of 1980, the plaintiff and Robert Daniel had agreed that Daniel would have the exclusive right to place amusement or vending machines in the truck stop. On June 11, 1981, the plaintiff and Daniel agreed to insure seven or eight amusement and vending machines belonging to Daniel through the plaintiff's insurance policy. They planned either to have Daniel listed on the policy or to have Daniel give the plaintiff a bogus bill of sale for the machines in case of loss. The plaintiff contends that this plan was suggested by

Larry White, INA's agent. The plaintiff asked Larry White that the contents coverage be increased to $70,000.00 and that the building coverage be increased to $130,000.00. Although White denies that an agreement was reached concerning the increase, the plaintiff contends that White agreed to arrange the increased coverage through either INA or another insurance company, Great American Insurance Company (GAI). INA declined to approve the increase, and Hendrix was aware that INA had not approved the added coverage.

Two fires damaged the truck stop on June 24 and 25, 1981. The plaintiff claimed $70,000.00, the alleged policy limit on loss of contents, which included $30,000.00 for damage to the amusement machines. The machines, however, were taken from the truck stop after the first fire on June 24, and it is undisputed that they were damaged only to the extent of $6,736.30.

At trial, the plaintiff denied that he had claimed $30,000.00 from INA on the machines. He stated that he had originally claimed the machines under the INA policy because he did not know whether White had insured them through INA or through GAI. The plaintiff later claimed only the original $25,000.00 policy limit from INA on the contents, and $15,000.00 from White for additional contents loss for which White allegedly was to have procured coverage.

The plaintiff and his wife, Wanda K. Hendrix, filed suit on July 30, 1981, against INA, GAI, and Larry White. Arson charges were brought in a criminal proceeding against the plaintiff, but were dismissed on or about February 10, 1982. GAI was granted summary judgment on June 1, 1982. Mrs. Hendrix took a voluntary non-suit as to Larry White, and her complaint against INA was dismissed. The case was tried before a jury, and a verdict based upon special interrogatories was returned against INA for $84,000.00 plus interest on the structure, $25,000.00 plus interest on the contents, and $23,000.00 plus interest for lost income, and judgment was given against White for $15,000.00 plus interest for additional loss of contents.

INA brings this appeal, alleging that the trial court should have granted a summary judgment or a directed verdict in its favor on its defense of fraud, and that it was entitled to a new trial because of improper instructions to the jury and because the weight of the evidence was against the verdict. The defendant, Larry White, also appeals, arguing that there is no liability for his failure to provide insurance because the plaintiff committed fraud, and there was error in the jury instructions, that the verdict is not sustained by the sufficiency of the evidence, and that there was never an agreement between the plaintiff and White concerning an increase in insurance coverage.

■ INA contends that the plaintiff committed fraud by claiming damages on amusement machines owned by Robert Daniel, by claiming a $30,000.00 loss on the machines when they were damaged only to the extent of $6,736.30, by attempting to insure Daniel's machines under plaintiff's insurance, by claiming lost rental income from undamaged portions of the truck stop, by claiming total losses on contents only minimally damaged, by claiming a total building loss when the building was not completely destroyed, and by committing arson. The crux of INA's argument at trial was that the plaintiff was guilty of fraud. In defining fraud, INA cites *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (Tenn.1970), which states that "fraud is proved when it is shown that a false representation has been made (1) knowingly, or (2) without belief in its truth, or (3) recklessly, careless whether it be true or false." 453 S.W.2d at 782, citing *Derry v. Peek*, 14 App.Cas. 337, 58 L.J.Ch. 864 (1889). In order to defeat a policy of insurance on the basis of fraud in the procurement, an insurer must prove actual intent to defraud, or an increased risk of loss. T.C.A. § 56–7–103 states:

No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed

material or defeat or void the policy or prevent it attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

In *Boston Marine Ins. Co. v. Scales*, 101 Tenn. 628, 49 S.W. 743 (Tenn.1899), prior to the adoption of T.C.A. § 56–7–103, the Court held that an insurer must show a more specific degree of intent to avoid a contract for fraud in swearing to the proofs of loss than for fraud in the procurement of the policy. In that case, and more recently in *Baker v. Nationwide Mutual Fire Ins. Co.*, 646 S.W.2d 440 (Tenn. App.1982), the principle was enunciated that when the insurer raises the defense of fraud in the proofs of loss, the plaintiff must be shown to have acted with an intent to deceive the insurer. In *Scales*, in discussing a similar case, the Court stated:

That case also intimates a distinction between cases of false swearing in the application for insurance and false swearing in the proofs of loss after it happens. And there must, from the nature of things, be a difference between the cases, even though the policy provide that false swearing, either before or after the loss, shall vitiate the policy. When the false swearing is in the application, it forms the basis upon which the contract rests, and, if fraud enters into it, the policy would be voided, even though the policy do not so provide. But, after the loss occurs, then voiding the policy is in the nature of a penalty or forfeiture. In other words, in such cases the holding is virtually that although the insured has had a loss, and may be entitled to recover from it, yet, as he has been guilty of fraud in the proofs, he must have his policy vacated and set aside as a punishment for such fraud or attempted fraud. In the latter case, as in all cases of forfeiture, a strict construction should be adopted, and the forfeiture not enforced except on the plainest grounds, if at all.

49 S.W. at 746.

INA contends that based upon its defense of fraud, it moved for summary judgment in the trial court and that plaintiff's counter-affidavit was not specific enough to bring factual issues into controversy. INA concludes that summary judgment in its favor was improperly denied. Plaintiff's affidavit in support of its answer to INA's motion for summary judgment stated:

I, Wayne Hendrix, being duly sworn, make oath as follows:

That I in no way have ever attempted to defraud Insurance Company of North America or Larry White and Associates by any means and that I did not burn or have burned my property known as Midway Truck Stop.

INA cites Rule 56, T.R.Civ.P., for the rule that an adverse party to a motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. On the face of plaintiff's affidavit alone, it does not appear to "set forth specific facts." The trial court, however, had access to several other affidavits and depositions in its purview in acting upon the motion for summary judgment. INA's argument, therefore, based solely upon the affidavit of the plaintiff, is without merit. The affidavits and depositions, setting forth the plaintiff's version of the alleged agreement among Daniel, White, and himself, created an issue of his intent to defraud. Thus, the trial court was not in error in denying the motion for summary judgment.

INA further avers that it was entitled to a directed verdict because plaintiff knowingly claimed a contents loss for amusement machines belonging to Robert Daniel, knowingly or recklessly claimed damages for the full $30,000.00 value, and knowingly attempted to insure Daniel's machines under his own contents coverage. We note, however, that the required standard for fraud is not simply "knowingly or recklessly," but it must be shown that the insured had an actual intent to deceive. *Baker v. Nationwide Mutual Fire Ins. Co., supra.*

■ The plaintiff contends that he claimed the machines under the INA policy because he did not know whether INA or GAI had coverage. He claims that on the strength of White's assurances, he believed that he could insure Daniel's machines under his own policy and could recover damages to the machines on Daniel's behalf. The plaintiff maintains that when he realized that INA could not be liable for the damage to the machines, the claim for additional coverage was pursued against White alone. There can be no fraud in asserting a legal claim for insurance against all possible defendants, even though the claim is negligently or even recklessly made. The plaintiff's explanation of his reasons for making the original claim against INA constitutes material evidence from which the jury could have concluded that there was no attempt to defraud. We hold that the trial judge properly overruled the motion for directed verdict.

■ INA contends that since the plaintiff knew that the machines had been damaged only to the extent of $6,736.30, and that because that figure is far below the $30,000.00 claimed, fraud may be presumed. It is not clear, however, that the plaintiff claimed that the machines were damaged to the extent of $30,000.00. The plaintiff says that he believed that he was insured by the defendants for the loss of contents up to $70,000.00. According to the arrangement which the plaintiff testified existed among Daniel, White, and himself, Daniel was to be covered up to $30,000.00. The plaintiff alleged at trial that his losses exceeded $70,000.00, even without including the $6,736.30 in damages to the machines. The fact that he claimed that he was insured for only $40,000.00 on the contents, and thereby discounted the amount of his damages by $30,000.00, may be explained by the fact that according to the purported agreement, the $30,000.00 was to be allocated to Daniel. The arrangement was certainly ill-conceived, but taking plaintiff's story at its face value, it created an issue for the jury as to whether the plaintiff manifested the necessary intent to defraud.

INA also maintains that a new trial should have been granted because of improper instructions to the jury. On the issue of fraud, the trial court charged the jury concerning the burden of proof as follows:

In order to establish the defense of fraud or an attempt to defraud, the defendants must show the same by a preponderance of clear and convincing evidence.

INA contends that the proper standard of proof is a simple preponderance of the evidence, citing *Groves v. Witherspoon*, 379 F.Supp. 52 (E.D.Tenn.1974).

■ Issues of fact in civil cases are ordinarily to be determined in accordance with the preponderance or weight of the evidence. To instruct the jury that the plaintiff must convince the jury by "clear and convincing proof" generally constitutes error. *Gage v. Louisville, N.O. & T.R. Co.*, 88 Tenn. 724, 14 S.W. 73 (Tenn.1890). The question in the instant case is the standard of proof necessary to establish fraud in an insurance case in the proofs of loss.

■ The plaintiff, in his brief, cites only Corpus Juris Secundum for the proposition that fraud in procuring the insurance must be proved by "a preponderance of clear and convincing evidence." *See* C.J.S. *Insurance* § 1355. There are several Tennessee authorities, however, to the effect that fraud in the proofs of loss may be shown simply by a preponderance of the evidence. In *Calhoun v. Baylor*, 646 F.2d 1158 (6th Cir.1981), the Court held that Tennessee law requires proof by only a preponderance of the evidence, citing *James v. Joseph*, 156 Tenn. 417, 1 S.W.2d 1017 (Tenn.1928). Numerous cases dealing with allegations of arson as a defense to a claim for insurance have held that a preponderance of the evidence is sufficient to establish that defense. *Livingston v. Fire Insurance Company*, 7 Tenn.App. 230 (Tenn.App.1928); *Aetna Casualty and Surety Company v. Parton*, 609 S.W.2d 518 (Tenn.App.1980). In the context of a claim for insurance, the defense of arson is

virtually tantamount to the defense of fraud. *See Norville v. State,* 144 Tenn. 278, 230 S.W. 966 (Tenn.1921), which held that "[t]he gravamen of the crime [of arson] was the fraudulent intent of the plaintiff in error." If arson, which is a criminal offense, may be proved in a civil case by a preponderance of the evidence, it would be inconsistent to require a greater degree of proof for a general defense of fraud upon a policy of insurance. In *Gibson's Suits in Chancery,* 6th Ed. § 198, it is stated that "fraud, when set up to defeat the deed, or contract, alleged in the complaint," is established by a "preponderance of proof." We hold, therefore, that the defense of fraud in the proofs of loss in an insurance case may be established by a preponderance of the evidence. A jury instruction requiring that fraud in this context must be shown by clear and convincing evidence is erroneous and imposes too stringent a burden on the party asserting the defense. The instructions of the trial court, therefore, constitute grounds for a new trial.

■ The defendant, Larry White, raises essentially the same grounds for appeal as INA. He contends that his motion for summary judgment, his motion for directed verdict, and his motion for a new trial were all improperly denied. He further argues that the plaintiff attempted to defraud either INA or GAI in the procurement of additional insurance. White claims that this fraud vitiates any claim against him for the increased coverage. Fraud in the procurement of insurance, however, requires a showing of actual intent to deceive. T.C.A. § 56–7–103; *see also Trice v. Commercial Union Assurance Company,* 334 F.2d 673 (6th Cir.1964). There is evidence in the record, however, from which the jury could have found that the plaintiff did not have an intent to deceive; consequently, the argument of White is not persuasive.

■ White also argues that there was never an agreement between him and the plaintiff that he would procure the increased coverage which the plaintiff requested. He maintains that summary judgment or a directed verdict should have been granted in his favor. Whether such an agreement existed is a question of fact concerning which the evidence is disputed. Since a material fact was in dispute, summary judgment was not appropriate; and since there is credible and material evidence to support the verdict of the jury, the trial court properly denied the motion for directed verdict. *Bowers v. Potts,* 617 S.W.2d 149 (Tenn.App.1981).

The objection to the jury charge by White on the question of fraud, as likewise raised by INA, is well taken.

The judgment of the trial court is accordingly reversed and the cause is remanded for a new trial. Costs of appeal are adjudged against the appellee.

TOMLIN and CRAWFORD, JJ., concur.