246 F.2d 91
 64 A.L.R.2d 957
 AMERICAN PAINT SERVICE, Inc., a Corporation of The State of
New Jersey, Appellant,
v.
The HOME INSURANCE COMPANY OF NEW YORK, a Foreign
Corporation Authorized to do Business in New Jersey.
 No. 12144.
 United States Court of Appeals Third Circuit.
 Argued May 7, 1957.
Decided July 1, 1957.
 
 Joseph M. Jacobs, Newark, N.J., (Stoffer & Jacobs, Newark, N.J., on the brief), for plaintiff-appellant.
 Harold D. Feuerstein, Newark, N.J., for appellee.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 Is false testimony in a trial on a fire insurance policy a factor which the jury should consider in determining whether an insured is guilty of 'fraud or false swearing' under a standard policy provision which makes the policy void for wilful concealment or misrepresentations of material facts by the insured before or after the loss?
 
 
 2
 That question is presented on this appeal from the judgment of the United States District Court for the District of New Jersey entered pursuant to a jury verdict.
 
 The facts may be summarized as follows:
 
 3
 American Paint Service, Inc. ('American') brought suit in the Superior Court of New Jersey upon a policy of fire insurance issued by the defendant, The Home Insurance Company of New York ('insurer'). The policy included coverage against loss resulting from 'business interruption' at premises located at 139 Broadway, Paterson, New Hersey, and occupied by American as a paint and wallpaper supply store. The policy coverage, commonly called a 'use and occupancy' endorsement, was in the face amount of $30,000 and in its complaint American claimed that a fire interrupted its business resulting in a business interruption loss of $24,467.72.
 
 
 4
 After removal of the action to the United States District Court of New Jersey, the insurer filed its answer in which it was stated that American was guilty of fraud and false swearing and of wilfully starting the fire. Upon the jury's verdict of no cause of action, judgment was entered for the insurer pursuant to which American now prosecutes this appeal.
 
 
 5
 At the close of the evidence American had moved to strike the defense of incendiarism on the ground that the evidence relating thereto was legally insufficient. The trial judge denied this motion. American did not renew its motion after the jury's verdict as it was required to do in order for this Court to pass on the legal sufficiency of the evidence. Fed.R.Civ.P. Rule 50(b), 28 U.S.C.; Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849.
 
 
 6
 With respect to the defense of fraud and false swearing American also now urges, for the first time, that the evidence on that issue was legally insufficient. American made no motion under Rule 50(b) either before or after the verdict on the issue of fraud and false swearing. That being so, the question may not be raised on appeal. 5 Moore's Federal Practice § 50.05 (2d Ed. 1951).
 
 
 7
 While American's failure to make appropriate motions with respect to the legal sufficiency of the evidence precludes this Court from acting thereon, a new trial must be granted due to errors in the trial judge's charge which were timely objected to by American at the trial.
 
 
 8
 In charging the jury on the issue of fraud and false swearing, the trial judge read the policy provision which provides:
 
 
 9
 'This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.'
 
 
 10
 With respect to this clause the trial judge charged:
 
 
 11
 'I would charge you that that fraud or false swearing clause applies not simply to what the Cohen Brothers (officers of American), for instance, or either of them may have said before this trial occurred, but it also applies to testimony here at the trial.'
 
 
 12
 In further explanation of the clause the trial judge charged:
 
 
 13
 'Counsel feel that I might not have made quite clear to you the bearing of this so-called fraud and false swearing clause in so far as it bore upon testimony at the trial. Now that bore upon material facts, facts that were material to the case such as the origin of the fire, the amount of the loss, the financial condition of plaintiff corporation, but you must bear in mind that even if that fraud or false swearing occurred in that regard it must clearly have been wilfully concealed or misrepresented. If it was not then of course the clause does not apply.'
 
 
 14
 The contentions of the parties with respect to the trial judge's charge raise the narrow legal issue of whether the jury should consider testimony at the trial as a possible adverse factor under the fraud and false swearing clause.
 
 
 15
 There are apparently no New Jersey cases in which this precise question has been ruled upon. Counsel for American and for the insurer have cited cases in other jurisdictions in which the relevance of trial testimony under a fraud and false swearing clause has been discussed.[1] Though the question is by no means a settled one, we think the cases cited by American represent the better view and the one most likely to be adopted by the New Jersey courts. As early as 1872 the Supreme Court in Republic Fire Insurance Co. v. Weides, 14 Wall. 375, at pages 382-383, 20 L.Ed. 894, ruled on the issue involved and said:
 
 
 16
 'It is true the policies stipulated that fraud or false swearing on the part of the assured should work a forfeiture of all claim under them. The false swearing referred to is such as may be in the submission of preliminary proofs of loss, or in the examination to which the assured agreed to submit. But it does not inevitably follow from the fact that there was a material discrepancy between the statements made by the plaintiffs under oath in their proofs of loss, and their statements when testifying at the trial that the former were false, so as to justify the court in assuming it, and directing verdict for the defendants. It may have been that the testimony last given was not true, or the statements made in the proofs of loss may have been honestly made, though subsequently discovered to be mistaken. It is only fraudulently false swearing in furnishing the preliminary proofs, or in the examinations which the insurers have a right to require, that avoids the policies, and it was for the jury to determine whether that swearing was false and fraudulent.' (Emphasis supplied.)
 
 
 17
 This case was cited in Carson v. Jersey City Insurance Co., 1881, 43 N.J.L. 300.
 
 
 18
 Trial testimony in a case where fraud and false swearing is in issue serves to establish the truth or falsity of the preliminary proofs and the materiality and wilfulness of any false proofs. The fraud and false swearing clause is one beneficial to the insurer and it reasonably extends to protect the insurer during the period of settlement or adjustment of the claim. When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured. To permit the insurer to await the testimony at trial to create a further ground for escape from its contractual obligation is inconsistent with the function the trial normally serves. It is at the trial that the insurer must display, not manufacture, its case. Certainly the courts do not condone perjury by an insured, and appropriate criminal action against such a perjurer is always available.
 
 
 19
 The insurer's view of the clause is unreasonable and the trial judge erred in subscribing to it in his charge.
 
 
 20
 To the extent that the cases cited by the insurer disagree with our view we are compelled to reject them. In a number of them the view was stated in the form of dictum. In most of them the courts relied heavily on the fact that the insured was guilty of fraud and false swearing in the furnishing of the preliminary proofs of loss.
 
 
 21
 The conclusion reached here is not based upon any theory of strict construction of the clause against the insurer. The exact language of the clause is required by New Jersey law. N.J.S.A. 17:36-5.20. That being so, the rule of construction against the insurer is not applicable. Goldman v. Piedmont Fire Insurance Co., 3 Cir., 1952, 198 F.2d 712.
 
 
 22
 For the reasons stated the judgment of the District Court will be reversed with directions to proceed in accordance with this opinion.
 
 
 
 [1]
 For the doctrine that the fraud and false swearing clause has no application to testimony given at the trial, American cited: Republic Fire Insurance Co. v. Weides, 1872, 14 Wall. 375, 20 L.Ed. 894; Goldberg v. Provident Washington Insurance Co., 1916, 144 Ga. 783, 87 S.E. 1077; Deitz v. Providence Washington Insurance Co., 1890, 33 W.Va. 526, 11 S.E. 50; Royal Insurance Co. v. Story, 34 Ala.App. 363, 40 So.2d 719, certiorari denied, 1949, 252 Ala. 275, 40 So.2d 724; American Alliance Insurance Co. v. Pyle, 1940, 62 Ga.App. 156, 8 S.E.2d 154; Third National Bank v. Yorkshire Insurance Co., 1924, 218 Mo.App. 660, 267 S.W. 445
 In support of the contrary rule the insurer relied upon: Hyland v. Millers National Insurance Co., D.C.N.D.Cal.1932, 58 F.2d 1003, affirmed, 9 Cir., 1937, 91 F.2d 735, certiorari denied, 1938, 303 U.S. 645, 58 S.Ct. 644, 82 L.Ed. 1107; Cuetara Hermanos v. Royal Exchange Assurance Co., 1 Cir., 1927, 23 F.2d 270, certiorari denied, 1928, 277 U.S. 590, 48 S.Ct. 437, 72 L.Ed. 1002; Atlas Assurance Co. v. Hurst, 8 Cir., 1926, 11 F.2d 250; Columbian Insurance Co. of Indiana v. Modern Laundry, Inc., 8 Cir., 1921, 277 F. 355, 20 A.L.R. 1159; Moreau v. Palatine Insurance Co., 1930, 84 N.H. 422, 151 A. 817; Follett v. Standard Fire Insurance Co., 1915, 77 N.H. 457, 92 A. 956.