The HOME INSURANCE COMPANY, Appellant,

v.

Bernard COHEN et al., Appellees.

FIDELITY–PHENIX FIRE INSURANCE CO. OF NEW YORK, Appellant,

v.

Bernard COHEN et al., Appellees.

Court of Appeals of Kentucky.

May 18, 1962.

James S. Welch, Percy Brown, Jr., Ogden, Brown, Robertson & Marshall, Louisville, for appellants.

Carl K. Helman, William S. Heidenberg, Louisville, for appellees.

BIRD, Judge.

Bernard Cohen and Rose Cohen operated a ready-to-wear mercantile establishment in Louisville, Kentucky.

On June 16, 1958, they suffered a substantial loss by fire which was partially covered by policies of insurance issued by The Home Insurance Company and the Fidelity-Phenix Fire Insurance Company.

Demand was made for payment under the provisions of the respective contracts. Each company denied liability. The Cohens sued and a jury found for the Cohens against each insurance company in the full amount of coverage. The companies have appealed.

Each of the policies contained the following provision:

"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

On appeal it is contended that the trial court erred in striking from the record the following paragraphs of the answer:

"7. Morton Cohen, the son of the plaintiffs, was the manager of the ladies' ready to wear store owned by plaintiffs and damaged by the fire here in suit, and, as such manager, was the agent of the plaintiffs with full power and authority to do all things necessary or desirable relating to the conduct of the business. On August 26, 1958, Morton Cohen stated under oath as follows:

" 'Q. What do you think caused this fire?

" 'A. Well, the only thing I can think is what they say, is the wiring.'

which statement by Morton Cohen was sworn to and was false and was known to Morton Cohen to be false and to pertain to a matter material to the insurance.

"8. By making the statement contained in paragraph 7 above. Morton Cohen as agent of and standing in the place and stead of the plaintiffs wilfully concealed a fact material to this insurance, to wit: the fact that he, Morton Cohen, wilfully and maliciously caused the fire which damaged plaintiffs' property."

It is likewise contended that the trial court erred in refusing to admit testimony that the fire in question was caused by the arson of Morton Cohen, the person mentioned in the foregoing paragraphs of the answer.

The companies claim that Morton Cohen wilfully burned the place at a time when he was manager of the store and that his false statements concerning the origin of the fire are, by reason of his managership and confidential relationship, imputed to the insured and that they are thereby precluded from recovery under the quoted provision of the policy.

It is not charged in the pleadings that the insured or either of them entered into a conspiracy to burn the store or that they or either of them had any knowledge concerning the origin of the fire at the time

they made statements in the proof of loss that the cause of the fire was unknown to them.

■ We hold that a principal is not liable for the torts of an agent, unless the tort committed was under the instruction of the principal, or within the apparent authority of the agent. Any liability must rest under the doctrine of "Respondeat Superior." Wolford v. Scott Nickels Bus Co., Ky., 257 S.W.2d 594. See also Bray-Robinson Clothing Co. v. Higgins, 210 Ky. 432, 276 S.W. 129.

■ In order to impose liability upon the master for either a civil or criminal wrong, the proof must show that the act is one that the agent was employed to perform, or that it accrued substantially within the authorized time and space limits of the employment or that the offender was actuated at least in part by a purpose to serve the master. Brooks v. Gray-Von Allmen Sanitary Milk Co., 211 Ky. 462, 277 S.W. 816, 46 A.L.R. 1207; John v. Lococo, 256 Ky. 607, 76 S.W.2d 897; Moore v. Ford Motor Co., 265 Ky. 575, 97 S.W.2d 400; Fournier v. Churchill Downs-Latonia, Inc., 292 Ky. 215, 166 S.W.2d 38.

■ The facts stated in the stricken portion of the answer are insufficient to impute Morton Cohen's statements and knowledge to the insured. Whatever statements that may have been made by Morton Cohen concerning the origin of the fire could not under the facts alleged and the law thereunto pertaining be imputed to the insured, and the falsity of these statements, if they were false, will not bar a recovery by the insured as provided by the policy. It was not error to strike from the answer those allegations which charge the insured with false and fraudulent statements by imputation through Morton Cohen.

■ Though this part of the answer had been stricken and though there was no other pleading charging that the insured had sworn falsely as to their knowledge concerning the origin of the fire the insurers persisted in trying to prove the incendiary origin of the fire. The trial court would not permit the testimony to be introduced and, on the appeal, they insist that the trial court erred in so refusing.

They rely on Hyland v. Millers National Insurance Company, 9 Cir., 58 F.2d 1003. In that case testimony was introduced proving that the fire was of incendiary origin. However, in that case it was specifically pleaded as a defense that the plaintiff had sworn falsely concerning his knowledge as to the origin of the fire. The opinion in that case points out that "the evidence was introduced to establish that plaintiff knew that the fire was of incendiary origin when he swore to the proofs of loss."

In that case, as here, the insured was required to state in his proof of loss his knowledge as to cause and origin. As here, the insured swore that the cause and origin were unknown to him. As in the present case the insured was not charged with the burning nor was he charged with having guilty knowledge of the incendiarism at the time of the fire.

Not as in this case, however, the insured was charged with swearing falsely concerning his knowledge of the origin of the fire at the time he executed his proof of loss, and the purpose of introducing the testimony was to show that he did at that time know the origin of the fire. On that issue the evidence was competent. In the present case that pleading is absent and there is no other pleading to justify the admission of such evidence.

■ The trial court refused to give an instruction on insured's false swearing at the trial. The insurers insist that the fraud and false swearing provision, quoted in this opinion, applies to testimony at the trial as well as to statements made in the proofs of loss or preliminary examinations authorized under the policy.

In American Paint Service v. Home Insurance Company, 3 Cir., 246 F.2d 91, 94, 64 A.L.R.2d 957, it is said as follows:

" * * * As early as 1872 the Supreme Court in Republic Fire Insurance Co. v. Weides, 14 Wall. 375, at pages 382–383, 20 L.Ed. 894, ruled on the issue involved and said:

" 'It is true the policies stipulated that fraud or false swearing on the part of the assured should work a forfeiture of all claim under them. The false swearing referred to is such as may be in the submission of preliminary proofs of loss or in the examination to which the assured agreed to submit. But it does not inevitably follow from the fact that there was a material discrepancy between the statements made by the plaintiffs under oath in their proofs of loss, and their statements when testifying at the trial that the former were false, so as to justify the court in assuming it, and directing verdict for the defendants. It may have been that the testimony last given was not true, or the statements made in the proofs of loss may have been honestly made, though subsequently discovered to be mistaken. *It is only fraudulently false swearing in furnishing the preliminary proofs, or in the examinations which the insurers have a right to require, that avoids the policies,* and it was for the jury to determine whether that swearing was false and fraudulent.' (Emphasis supplied.)

"This case was cited in Carson v. Jersey City Insurance Co., 1881, 43 N.J.L. 300.

"Trial testimony in a case where fraud and false swearing is in issue serves to establish the truth or falsity of the preliminary proofs and the materiality and wilfulness of any false proofs. The fraud and false swearing clause is one beneficial to the insurer and it reasonably extends to protect the insurer during the period of settlement or adjustment of the claim. When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured. To permit the insurer to await the testimony at trial to create a further ground for escape from its contractual obligation is inconsistent with the function the trial normally serves. It is at the trial that the insurer must display, not manufacture, its case. Certainly the courts do not condone perjury by an insured, and appropriate criminal action against such a perjurer is always available."

The conclusion reached in that case is sound and we here adopt it.

We are not unmindful of this Court's holding in World Fire and Marine Ins. Co. v. Tapp, 279 Ky. 423, 130 S.W.2d 848, in which we held that false swearing on a deposition as of cross-examination taken before answer is covered by the fraud and false swearing provision heretofore quoted. For the sake of a sounder position we find it necessary to overrule that holding.

■ It is last contended that the trial court erred in not permitting the insurers to introduce the indictment and judgment in Morton Cohen's arson trial. It would have been quite easy to impeach the testimony of Morton Cohen by establishing that he had been convicted of a felony without the introduction of records which could serve no purpose other than to prejudice the jury. The court ruled correctly.

We find no prejudicial error and the judgment is therefore affirmed.