[Civ. No. 8176.    Fourth Dist., Div. One.    Mar. 17, 1967.]

ICHTHYS, INC., Plaintiff and Respondent, v. GUARANTEE INSURANCE COMPANY, Defendant and Appellant.

Long & Levit, Bert W. Levit, Irving L. Halpern and Frances L. Ehrmann for Defendant and Appellant.

Sankary, Sankary & Horn and Morris Sankary for Plaintiff and Respondent.

LAZAR, J. pro tem.*—The plaintiff corporation operated a restaurant and bar business with respect to which fire insurance policies totaling some $100,000 on building and equipment were in effect. A fire occurred; one of the three insurers involved settled with the plaintiff prior to trial; the two other companies refused payment on plaintiff's proofs of loss and this litigation resulted. Judgment was rendered against the two defendants, Fireman's Insurance Company of Newark and Guarantee Insurance Company, but only the latter has appealed.

The answers of the defendants raised the affirmative defenses of arson and wilful misrepresentation and false swearing. Contrary to the statement of respondent that the affirmative defense of fraud and false swearing was eliminated at pretrial conference the record indicates no pretrial conference was held. Before the trial concluded defendants sought and were granted permission to amend their answers to allege that plaintiff ''through its authorized agents, knowingly and intentionally gave false testimony during the course of the trial'' as to the extent and amount of damages sustained by plaintiff. In raising the stated defense the defendants based their position upon the standard form provision found in section 2071 of the California Insurance Code, to-wit: ''This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.''

The determination of the jury was limited to certain special findings of fact, i.e., that no arson had been committed, the amount of loss suffered by plaintiff and that plaintiff's manager ''knowingly and intentionally gave false testimony during the course of the trial concerning the extent or amount of damages sustained by plaintiff as a result of the fire.'' (The record indicates no issue of fraud or false swearing in procuring the policies or as to proofs of loss was submitted to the jury.)

The question of the propriety of the interrogatory as to false testimony during trial having been reserved, a motion to strike that special finding from the jury's verdict was granted and judgment on the verdict as modified was made and entered for plaintiffs.

*Assigned by the Chairman of the Judicial Council.

## Question Presented

■ Does the Provision Voiding a Fire Insur-
ance Policy in the Event of Fraud or False
Swearing by an Insured Before or After Loss
(Ins. Code, § 2071) Apply To False Testimony in
an Action to Recover Under the Policy?

We conclude it does not.

Appellant calls to our attention the case of *Singleton* v. *Hartford Fire Ins. Co.*, 127 Cal.App. 635 [16 P.2d 293]. In that case the defendant had requested several instructions which were refused. On appeal the refused instructions were held adequately covered by two instructions, which read as follows: " 'That if plaintiff, George Singleton, knowingly and wilfully made a false statement of or regarding a material fact in his proof of loss, or in the sworn examination held under the terms of the policy of insurance, or in his testimony, regarding the value of the property insured, or the loss or damage thereto by fire, the intention to deceive the insurer is necessarily implied as the natural consequence of such act.' And further: 'The policy provides that the entire policy shall be void in case of any fraud or false swearing by the insured, and therefore if you find that the plaintiff, George Singleton, violated this provision of the policy by acting fraudulently or swearing falsely, you are instructed that the entire policy is forfeited thereby, even though the fraud or false swearing related only to one or two items of insurance.' " [Pages 648-649.] The case in no way was concerned with an issue of false testimony at the trial and contains no discussion, therefore, of the point here in controversy. No other California case has been found which does refer in terms to the problem.

The false swearing provision with which we are concerned is almost universally required among the several states in identical language for standard form fire insurance policies. The application of the provision with respect to false testimony at a trial to recover under such a policy does not, however, meet with universally consistent answer. (64 A.L.R.2d 962.)

Appellant argues public policy requires a liberal application and construction of the false swearing prohibition so as to include false swearing at the time of trial. The essence of the point is that the insurance company will be lulled into a false sense of security by a proof of loss which it deems to contain a "truthful and fair evaluation of damages" and then at time of trial be taken by surprise by a false contention of greater

loss. The weakness of this argument is illustrated by this very case in which the appellant did not admit the value of the proof of loss, but on the other hand put that very matter at complete issue by its answer. Such an argument disregards the obvious facts of litigation life which include extensive and thorough discovery proceedings by which the insured's ultimate claim may be fixed and impeachment foundations laid. Certainly strict adherence should be had to the requirement of honest proofs of loss, however designated, in order to foster and justify reliance and action by the insurer on such proofs of loss and to provide protection to the insurer. The making of a claim and its evaluation and settlement prior to denial of liability are steps in fulfillment of a contract relationship and should be attended by the highest degree of good faith and honesty on each side. It should not be approached as an adversary proceeding before it becomes apparent that the interests of the parties are irreconcilable. This is not to say that when negotiations will no longer serve and litigation becomes necessary, no holds are barred. It is to say, in the apt words of another court, that: "When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured. To permit the insurer to await the testimony at trial to create a further ground for escape from its contractual obligation is inconsistent with the function the trial normally serves. It is at the trial that the insurer must display, not manufacture, its case. Certainly the courts do not condone perjury by an insured, and appropriate criminal action against such a perjurer is always available." (*American Paint Service* v. *Home Ins. Co.*, 246 F.2d 91 [64 A.L.R.2d 957, 960, 961].) ██ And, as also stated in the cited case, we do not rely upon any theory of strict construction against the insurer for the reason that the provision under consideration is by statute required to be included in the policy and is a matter beyond the control of either party to the contract. (See *Ohran* v. *National Automobile Ins. Co.*, 82 Cal.App.2d 636 [187 P.2d 66].)

Our research discloses that since the writing of the note in 64 A.L.R.2d 962, Kentucky has changed its position from holding that a deposition before answer was affected by the false swearing provision (*World Fire & Marine Ins. Co.* v. *Tapp,*

279 Ky. 423 [130 S.W.2d 848]) to a position in accord with that expressed in *American Paint Service, supra.* See *Home Insurance Co.* v. *Cohen* (Ky.) 357 S.W.2d 674.

Appellant cites *Hyland* v. *Millers Nat. Ins. Co.* (District Court, N.D., California) 58 F.2d 1003, affirmed, 91 F.2d 735. A reading of the trial judge's opinion shows that he relied upon the false swearing to proofs of loss in denying recovery. The language of the quotation supplied by appellant was not given in a context of deciding the question before us. The affirming opinion (91 F.2d 735) makes no ruling on the subject question.

A second case strongly relied upon is *Lomartira* v. *American Automobile Ins. Co.* (D. Conn.) 245 F.Supp. 124 (affirmed, United States Court of Appeals for the Second Circuit; Nos. 249, 250; September Term, 1966; January 16, 1967) is likewise a trial court opinion. Neither of the opinions just cited do we find persuasive.

In passing, we would observe that the appellant's amended answer and the special interrogatory on the false testimony did not try to delineate the substance of the false testimony. Was the testimony of the witness to greater or less damage in value than was actually suffered or as to damage which did not occur? We have assumed, without deciding, the sufficiency of the interrogatory to raise the question we have considered; arguendo, it might well be that the pleading and special interrogatory were too indefinite about the nature of the false testimony to warrant involvement of the statutory inhibition in any event.

For the reasons set forth we hold that the trial court ruled correctly in granting the respondent's motion to strike the special interrogatory and the amendment to appellant's answer. Accordingly, it is unnecessary to consider whether the appellant was bound by the false testimony of the witness.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.

A petition for a rehearing was denied April 4, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1967.