## ZELIA S. REGO *v.* CONNECTICUT INSURANCE PLACEMENT FACILITY
## (8136)

SPALLONE, LAVERY and CRETELLA, Js.

Argued April 30—decision released July 24, 1990

*Stephen E. Goldman,* with whom was *Linda Morkan,* for the appellant (defendant).

*Joseph A. Mengacci,* for the appellee (plaintiff).

CRETELLA, J. The defendant appeals from a judgment rendered after a jury verdict in favor of the plaintiff to recover the proceeds of a fire insurance policy

issued by the defendant covering two properties owned by the plaintiff. The complaint was brought in two counts, one for each of the properties damaged by the fire. To each count, the defendant raised two special defenses that would have excluded coverage, namely, (1) concealment or fraud, and (2) arson by or with the assistance of the plaintiff. The defendant claims that the trial court's charge to the jury recited an incorrect standard for the burden of proof necessary to establish the two special defenses and failed to apprise the jurors that misrepresentations other than those relating to the cause and origin of the loss were material to the allegations of concealment or fraud.

We affirm the trial court's judgment.

I

The trial court charged the jury that the defendant had the burden of proving the special defense of arson by a fair preponderance of the evidence and of proving the special defense of concealment or fraud by clear and convincing evidence. The defendant contends that the burden of proof on the special defense of concealment or fraud should have been by a fair preponderance of the evidence. It has been repeatedly stated that the special defense of arson must be proven by a fair preponderance of the evidence, whereas allegations of fraud or concealment must be proven by clear and convincing evidence. *Verrastro* v. *Middlesex Ins. Co.,* 207 Conn. 179, 182, 540 A.2d 693 (1988); *Fichera* v. *Mine Hill Corporation,* 207 Conn. 204, 215, 541 A.2d 472 (1988); *Alaimo* v. *Royer,* 188 Conn. 36, 39, 448 A.2d 207 (1982).

In its special defense, the defendant used the words "concealment or fraud," which language came from

the insurance policy itself, and also alleged that the plaintiff "intentionally concealed and misrepresented material facts." This is not an allegation of negligent misrepresentation, which would require proof by a preponderance of the evidence, but, rather, of intentional misrepresentation and, as such, rises to the level of an allegation of fraud. Accordingly, the charge requiring that the allegation of concealment and fraud be proved by clear and convincing evidence was correct.

## II

The defendant's second claim is that the court's charge to the jury on the special defense of concealment or fraud was defective in that it limited the issues before the jury to whether the plaintiff had made any misrepresentations or concealments that were related to the cause of the fire.

The plaintiff's insurance policy contains a provision that coverage will not be provided if the plaintiff intentionally conceals or misrepresents "any material fact or circumstance relating to this insurance." The defendant therefore requested the trial court to instruct the jury on the special defense of concealment or fraud as follows: "[I]f you find that the plaintiff . . . concealed any material facts or made any intentionally false statements at any time, including at any time during this trial, then the policy issued to her is null and void and she is not entitled to recover anything in this action."

The language of the defendant's special defense of concealment or fraud and its response to the plaintiff's interrogatories reveal that the defendant's special defense was based upon the claim that the plaintiff concealed facts related to the cause of the fire. The trial court, therefore, instructed the jury that "[t]he defend-

ant has the burden of demonstrating that the plaintiff misrepresented the facts relating to the cause or origin of the fire."

The defendant claims that these instructions deprived the jury of an opportunity to consider all of the misrepresentations or concealments at issue in the case. The question is whether it is reasonably probable that the court's instruction could have misled the jury to disregard some of the misrepresentations or concealments alleged by the defendant. See *State* v. *Shifflett,* 199 Conn. 718, 754, 508 A.2d 748 (1986). We find that that is not reasonably probable since all of the misrepresentations or concealments in dispute were related, in one sense or another, to the cause or origin of the fire.

The judgment is affirmed.

In this opinion the other judges concurred.