## ZELIA S. REGO *v.* CONNECTICUT INSURANCE PLACEMENT FACILITY
### (14133)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued April 25—decision released June 18, 1991

*Stephen E. Goldman,* with whom was *Linda L. Morkan,* for the appellant (defendant).

*Joseph A. Mengacci,* for the appellee (plaintiff).

CALLAHAN, J. The principal issue in this appeal is whether an insurer who pleads concealment or misrepresentation as a special defense in an action to recover on a fire insurance policy is required to prove that defense by clear and convincing evidence or by a preponderance of the evidence. We conclude that the preponderance of the evidence standard is the appropriate burden of proof.

The plaintiff, Zelia S. Rego, was the owner of two adjacent multi-family houses in Waterbury that were insured against fire loss under policies issued by the defendant, the Connecticut Insurance Placement Facility. After both of the dwellings were damaged by fire during the early morning hours of July 15, 1984, and the defendant subsequently denied coverage, the plaintiff filed a two count complaint to recover under the policies. Each count represented a claim for one of the dwellings. The defendant alleged in its answer that the plaintiff was not entitled to recover because: (1) the fire was set by or with the assistance of the plaintiff; and (2) the plaintiff "intentionally concealed and mis-

represented material facts and circumstances relating to the fire at issue, including, but not limited to, her knowledge of the cause and origin of the fire."[1] The jury returned a verdict for the plaintiff. The defendant filed an appeal in the Appellate Court, which affirmed the judgment of the trial court. *Rego* v. *Connecticut Insurance Placement Facility,* 22 Conn. App. 428, 577 A.2d 1105 (1990). We granted certification, limited to the following issues: "(1) Was the Appellate Court correct in determining that an insurer's special defense of material misrepresentation must by proven by clear and convincing evidence? (2) Was the Appellate Court correct in determining that the trial court's limiting instruction to the jury to consider only misrepresentations 'related to the cause and origin of the fire' as proof of the special defense, thereby excluding certain evidence, was not likely to have misled the jury." *Rego* v. *Connecticut Insurance Placement Facility,* 216 Conn. 824, 582 A.2d 204 (1990). We now reverse.

The circumstances surrounding the cause and origin of the fire were disputed at trial. The plaintiff testified that at the time the fire began she and Eliud Rivera, with whom she was living at the time and whom she subsequently married, were asleep in a bedroom on the third floor of one of the two buildings. Rivera

---

[1] The defendant asserted that by concealing and misrepresenting material facts the plaintiff had violated the following provision of the fire insurance policies it had issued: "Concealment or fraud. We do not provide coverage if [the insured] ha[s] intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

That provision of the policy was based on the following clause from the standard fire policy set forth in General Statutes § 38a-307 (formerly General Statutes § 38-98): "Concealment, fraud. This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

testified that after being awakened by an explosion, he went into the hallway outside the bedroom to investigate. While there he was struck by what he described as an explosion of flames and liquid that burned his body. He then ran back into the bedroom and rolled on the bed to extinguish the flames. The plaintiff and Rivera both testified that they then went out through a bedroom window onto the roof and were subsequently rescued by fire fighters. In addition to stating that she did not know how the fire had begun, the plaintiff maintained that there had been no gasoline or kerosene in her home at the time of the fire, but that there had been some paint and paint thinner in the hallway.

The defendant presented evidence that shortly after the fire Rivera had said that an unidentified man had poured gasoline on him when he went out into the hallway.[2] On cross-examination, however, Rivera admitted that it was not possible that anyone had been in the house at the time of the fire except the plaintiff and him. Martin Egan, a Waterbury detective, testified that he arrived at the scene while the fire was still in progress and that there had been a strong smell of gasoline in the building that the plaintiff and Rivera had occupied. He also stated that he had found containers in their apartment that held a liquid that looked and smelled like gasoline. Robert Dee, an insurance investigator called by the defendant, testified that it was his conclusion that the fire had been set intentionally[3] and that it had been started in the kitchen through the use of a flammable liquid, most likely gasoline. The defendant also presented evidence that empty con-

[2] In addition, the plaintiff's ex-husband stated that about one week after the fire the plaintiff had told him that the fire started when someone threw gasoline and fire on Rivera when he answered a knock on the apartment door.

[3] The investigator also concluded that although the cause of the fire was arson, the actual ignition of the fire occurred accidentally.

tainers found at the scene of the fire had contained gasoline and that liquid found in another container was in fact gasoline.[4]

## I

The defendant contends that the trial court improperly rejected its request for an instruction to the jury that the defendant had to prove its special defense of concealment or misrepresentation by a preponderance of the evidence. We agree.

It is not disputed that a claim of common law fraud must be proven by a higher burden of proof than the preponderance of the evidence standard. We have described this standard alternatively as "clear and satisfactory" evidence, or "clear, precise and unequivocal" evidence. *Kilduff* v. *Adams, Inc.*, 219 Conn. 314, 327–28, 593 A.2d 478 (1991).[5] In *Verrastro* v. *Middlesex Ins. Co.*, 207 Conn. 179, 181–83, 540 A.2d 693 (1988), we adopted the majority rule that an insurer who pleads the special defense of arson in an action to recover fire insurance proceeds must prove that defense only by a preponderance of the evidence. We noted in *Verrastro* that other jurisdictions that apply the clear and convincing standard to proof of fraud in a civil action have adopted the preponderance of the evidence standard for the defense of arson. Id., 182. Contrary to the position of the plaintiff, in *Verrastro* v. *Middlesex Ins. Co.*, supra, we did not decide what standard of proof is applicable to an insurer's defense of concealment or mis-

---

[4] The plaintiff presented evidence that the gasoline found at the scene contained low-level hydrocarbons that would only be found in gasoline that had not been subjected to the high temperatures accompanying a fire. The plaintiff relied on this evidence in arguing that the gasoline found by investigators had been placed there after the fire.

[5] In *Kilduff* v. *Adams, Inc.*, 219 Conn. 314, 330, 593 A.2d 478 (1991), we held that a plaintiff in a fraud action must prove damages by a preponderance of the evidence but must prove all the other elements of common law fraud by "clear and satisfactory" evidence.

representation in a claim for coverage under an insurance contract. To the extent that we suggested that the clear and convincing standard should be applied to that defense, it was dictum. We now interpret our reference in *Verrastro* to the elevated burden of proof required for proof of fraud in a civil action as applying solely to claims of common law fraud, the elements of which are distinct from an insurer's defense of concealment or misrepresentation. Compare *Davis-Scofield Co. v. Reliance Ins. Co.,* 109 Conn. 686, 689–90, 145 A. 42 (1929) (elements of concealment or misrepresentation defense), and *Kilduff* v. *Adams, Inc.,* supra (elements of common law fraud).

The plaintiff contends that the clear and convincing standard charged by the trial court is the correct burden of proof because the defendant's allegation of concealment or misrepresentation is tantamount to a claim of common law fraud. The defendant, on the other hand, argues that in light of the fact that the special defenses of arson and concealment or misrepresentation are usually raised together, it would be illogical and impractical to apply different standards to the two defenses. The defendant also contends that a claim that an insured has concealed or misrepresented material facts concerning a claim for coverage is distinct from a claim of common law fraud and, therefore, the clear and convincing standard should not be applied to that defense. We agree.

The majority of courts that have addressed this issue have concluded that the preponderance of the evidence standard is the appropriate burden of proof to apply to an insurer's defense that a policy is void because the insured has concealed or misrepresented material facts concerning a claim for coverage.[6] The leading commen-

---

[6] See, e.g., *Palace Entertainment, Inc.* v. *Bituminous Casualty Corporation,* 793 F.2d 842, 843–46 (7th Cir. 1986) (Indiana law); *Transportation*

tators take the same position. 22A J. & J. Appleman, Insurance (1979) § 14062, p. 132; 7 G. Couch, Insurance (2d Ed. 1961) § 35:117, p. 136. In addition, we are aware of no jurisdictions that have ruled that the preponderance of the evidence standard applies to an arson defense while a higher burden of proof applies to a defense of concealment or misrepresentation. Furthermore, several jurisdictions that, like Connecticut, apply an elevated standard to claims of common law fraud apply the preponderance of the evidence standard to an insurer's defense of concealment or misrepresentation. *Riley Hill General Contractor, Inc.* v. *Tandy Corporation,* 303 Or. 390, 407, 737 P.2d 595 (1987), citing *Mutual of Enumclaw Ins. Co.* v. *McBride,* 295 Or. 398, 667 P.2d 494 (1983); *St. Paul Mercury Ins. Co.* v. *Salovich,* 41 Wash. App. 652, 655–58, 705 P.2d 812, review denied, 104 Wash. 2d 1029 (1985); see *Pacheco* v. *Safeco Ins. Co. of America,* 116 Idaho 794, 800–801, 780 P.2d 116 (1989); *Italian Fisherman* v. *Commercial Union Assurance Co.,* 215 N.J. Super. 278, 281–82, 521 A.2d 912, cert. denied, 107 N.J. 152, 527 A.2d 211 (1987).

We note that, as in the present case, insurers commonly raise the special defenses of arson and concealment or misrepresentation in tandem. See, e.g., *Verrastro* v. *Middlesex Ins. Co.,* supra, 180; *Dairy Queen of Fairbanks, Inc.* v. *Travelers Indemnity Co.,*

*Ins. Co.* v. *Hamilton,* 316 F.2d 294, 296 (10th Cir. 1963) (Oklahoma law); *Dairy Queen of Fairbanks, Inc.* v. *Travelers Indemnity Co.,* 748 P.2d 1169, 1170–72 (Alaska 1988); *Pacheco* v. *Safeco Ins. Co. of America,* 116 Idaho 794, 800–801, 780 P.2d 116 (1989); *Bloomgren* v. *Fire Ins. Exchange,* 162 Ill. App. 3d 594, 600, 517 N.E.2d 290 (1987); *Summer* v. *Stark County Patrons' Mutual Ins. Co.,* 63 Ohio App. 369, 373, 26 N.E.2d 1021 (1940); *Mutual of Enumclaw Ins. Co.* v. *McBride,* 295 Or. 398, 667 P.2d 494 (1983); *Hendrix* v. *Insurance Co. of North America,* 675 S.W.2d 476, 480–81 (Tenn. App. 1984); *St. Paul Mercury Ins. Co.* v. *Salovich,* 41 Wash. App. 652, 655–58, 705 P.2d 812, review denied, 104 Wash. 2d 1029 (1985).

748 P.2d 1169, 1170 (Alaska 1988); *St. Paul Mercury Ins. Co.* v. *Salovich,* supra. The reason that these two defenses are often raised together is obvious. If an insurer believes that the insured intentionally set fire to property covered under a fire policy, the insurer is equally likely to suspect that the insured is concealing or misrepresenting facts concerning the fire. In *St. Paul Mercury Ins. Co.* v. *Salovich,* supra, 658, the court observed that it would create an "illogical and impractical inconsistency" to impose two different standards of proof in cases where the insurer raises the special defenses of arson and material misrepresentation in the same lawsuit. Accord *Hendrix* v. *Insurance Co. of North America,* 675 S.W.2d 476, 480–81 (Tenn. App. 1984). We agree that there is no practical reason to apply two different burdens of proof to the defenses of arson and concealment or misrepresentation raised as defenses to recovery for the same fire.[7]

Our conclusion is supported by the distinction between the elements of common law fraud and the elements of an insurer's defense of concealment or misrepresentation. An insurer who raises this special defense must prove only that the insured wilfully concealed or misrepresented a material fact with the intention of deceiving the insurer. *Chauser* v. *Niagara Fire Ins. Co.,* 123 Conn. 413, 423, 196 A. 137 (1937). Unlike a party asserting a cause of action for common law fraud, an insurer who raises the special defense of concealment or misrepresentation does not have to prove that the insurer actually relied on the concealment or

---

[7] We also note that when the predecessor of General Statutes § 38a-307 was enacted in 1893, it included a provision concerning concealment or misrepresentation substantially the same as that contained in § 38a-307. See Public Acts 1893, c. CCXXVI, § 7. Although the case law is not entirely clear, it appears that when the original version of § 38a-307 was enacted, common law fraud had to be proven only by a preponderance of the evidence. See *Kilduff* v. *Adams, Inc.,* 219 Conn. 314, 327–28, 593 A.2d 478 (1991).

misrepresentation or that the insurer suffered injury. *Davis-Scofield Co.* v. *Reliance Ins. Co.,* supra, 690; *Mutual of Enumclaw Ins. Co.* v. *McBride,* supra, 403–404; *St. Paul Mercury Ins. Co.* v. *Salovich,* supra, 656. Finally, we note that in the case of an insurance contract, the consequence of the alleged concealment or misrepresentation is the forfeiture of a contractual benefit, and therefore the burden of proof normally applicable to contractual claims, the preponderance of the evidence standard, should control. *Mutual of Enumclaw Ins. Co.* v. *McBride,* supra, 407; see *Dairy Queen of Fairbanks, Inc.* v. *Travelers Indemnity Co.,* supra, 1171–72; *Pacheco* v. *Safeco Ins. Co. of America,* supra, 800. We therefore disagree with the plaintiff's contention that common law fraud and an insurer's defense of concealment or misrepresentation are sufficiently similar to warrant applying an elevated burden of proof to the latter.

The plaintiff next claims that even if the trial court improperly instructed the jury on the required burden of proof for the defense of concealment or misrepresentation, the error was harmless and a new trial is not necessary because the court properly charged the jury that the preponderance of the evidence standard applied to the arson defense and the jury found that the defendant had not satisfied its lesser burden of proof as to the arson. The defendant contends, however, that its two defenses are not so inextricably intertwined that the decision on one should control the other. Specifically, the defendant argues that the error was harmful because the jury reasonably could have concluded that the plaintiff did not know, before and possibly even after the fire, of Rivera's plans for arson, but that she did make material misrepresentations concerning Rivera's whereabouts at the time the fire started or about the presence of gasoline in the apart-

ment. In addition, the defendant contends that the jury reasonably could have found that the plaintiff did not make any material misrepresentations concerning the cause of the fire but that she did conceal material facts concerning her ownership interest in the property or her financial status at the time of the fire.

The relationship between arson and misrepresentation on the record in this case is a close question. We conclude that although the jury did not find that the defendant had proven its special defense of arson by a preponderance of the evidence, the jury reasonably could have found that the defense of concealment or misrepresentation had been proven by a preponderance of the evidence if the jury had been charged properly on the burden of proof for that defense.

Because a new trial is necessary, we will consider the second issue certified since it may arise on the retrial.

## II

The defendant claims that the trial court's instruction to the jury that it should consider the misrepresentations "relating to the cause or origin of the fire" improperly restricted the jury's consideration of whether the plaintiff concealed or misrepresented facts concerning the whereabouts of Rivera at the time the fire started, the plaintiff's ownership interest in the property and her financial situation. The defendant also argues that the jury was entitled to consider misrepresentations allegedly made by the plaintiff at any time after the fire loss, including her testimony at trial, but was prevented from doing so by the trial court's instructions.

It is well established that the pleadings of the parties frame the issues before the trial court. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 390, 488 A.2d

444 (1985), citing 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 75. In its first special defense to each count of the complaint, the defendant alleged that "[t]he plaintiff intentionally concealed and misrepresented material facts and circumstances relating to the fire at issue, including, but not limited to, her knowledge of the cause and origin of the fire." The language of the special defense clearly indicates that the defendant should not be limited to presenting evidence of concealment or misrepresentations that concerned only the cause and origin of the fire.[8] We disagree, however, with the defendant's contention that it is entitled to rely on alleged misrepresentations made by the plaintiff during the trial in proving its special defense.

In support of its claim that misrepresentations made by an insured at trial can be used by an insurer to deny coverage, the defendant relies primarily on *Lomartira*

---

[8] In claiming that the defendant should be limited to presenting evidence concerning the alleged misrepresentation or concealment of facts related to the cause and origin of the fire, the plaintiff also relies upon the defendant's response to one of its interrogatories. Specifically, in response to a question asking for a statement of how the plaintiff intentionally concealed or misrepresented any material facts concerning the fire loss claim, the defendant stated that in certain oral and written statements made subsequent to the fire, the "plaintiff repeatedly stated that she did not know how the fire began, and intentionally concealed and misrepresented her knowledge of the cause of the fire, her knowledge of the presence of gasoline in her apartment and her knowledge of what Eliud Rivera had said to her."

Although we have held that ordinarily a response to a discovery interrogatory is not a judicial admission and is not conclusive on the party making it; *Piantedosi* v. *Floridia,* 186 Conn. 275, 278, 440 A.2d 977 (1982); *Howat* v. *Passaretti,* 11 Conn. App. 518, 525, 528 A.2d 834 (1987); we note that some courts have relied on a party's answers to interrogatories in limiting that party's proof on the ground that the opposing party was prejudiced by an omission in the answer. See annot., 86 A.L.R.3d 1089, and cases cited therein. Because the plaintiff is now aware that the defendant intends to offer proof concerning facts allegedly concealed or misrepresented that do not relate to the cause or origin of the fire, she cannot claim at the retrial that the interrogatory response in question has prejudiced her.

v. *American Automobile Ins. Co.,* 245 F. Sup. 124 (D. Conn. 1965), aff'd, 371 F.2d 550 (2d Cir. 1967). In that case, the United States Court of Appeals for the Second Circuit upheld the trial court's conclusion that misrepresentations at trial could be used by an insurer to avoid coverage under § 38a-307 (then General Statutes § 38-98). Id., 371 F.2d 553–54. The Second Circuit, however, specifically noted that the majority rule is that concealment or misrepresentation committed after an insured brings an action to enforce coverage does not void the policy. Id., 553. In addition, the Second Circuit placed considerable reliance on the fact that the district court opinion was issued by a judge sitting in this state, whose decision on a question of Connecticut law would not be reversed unless it was clearly wrong. Id., 554. We need not defer to the Second Circuit's decision, however, and we conclude that the majority rule is the better view.

In *American Paint Service* v. *Home Ins. Co. of New York,* 246 F.2d 91 (3d Cir. 1957), the court provided a thorough statement of the rationale underlying the majority rule. "The fraud and false swearing clause is one beneficial to the insurer and it reasonably extends to protect the insurer during the period of settlement or adjustment of the claim. When settlement fails and suit is filed, the parties no longer deal on the nonadversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured. To permit the insurer to await the testimony at trial to create a further ground for escape from its contractual obligation is inconsistent with the function the trial normally serves. It is at the trial that the insurer must

display, not manufacture, its case. Certainly the courts do not condone perjury by an insured, and appropriate criminal action against such a perjurer is always available." Id., 94 (applying New Jersey law); accord *Insurance Cos.* v. *Weides,* 81 U.S. (14 Wall.) 375, 382-83, 20 L. Ed. 894 (1872); *Royal Ins. Co.* v. *Story,* 34 Ala. App. 363, 367–68, 40 So. 2d 719, cert. denied, 252 Ala. 275, 40 So. 2d 724 (1949); *Ichthys, Inc.* v. *Guarantee Ins. Co.,* 249 Cal. App. 2d 555, 557–59, 57 Cal. Rptr. 734 (1967); *Tarzian* v. *West Bend Mutual Fire Ins. Co.,* 74 Ill. App. 2d 314, 321–22, 221 N.E.2d 293 (1966); *Home Ins. Co.* v. *Cohen,* 357 S.W.2d 674, 676–77 (Ky. 1962); see *Foreign Credit Corporation* v. *Aetna Casualty & Surety Co.,* 276 F. Sup. 791, 793–94 (S.D.N.Y. 1967) (New York law); 14 G. Couch, Insurance (2d Ed. 1961) § 49:555; see generally annot., 64 A.L.R.2d 962.

We conclude, therefore, that during the retrial the defendant is entitled to introduce evidence that the plaintiff concealed or misrepresented material facts concerning matters other than the cause and origin of the fire. The defendant, however, cannot rely on any alleged misrepresentations made after it denied coverage.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new trial.

In this opinion the other justices concurred.