ISSUE
Whether the court should grant the motion to dismiss because the plaintiff's failure to name the Town Clerk of Cromwell in the citation deprives the court of jurisdiction to hear this appeal.
FACTS
The following facts are alleged in the complaint and revealed on the face of the citation and the sheriff's return. The plaintiffs, the Norwich Roman Catholic Diocesan Corporation and Bethany Housing Corporation, alleged that they are aggrieved by the decision of the defendant Cromwell Planning and Zoning Commission ("Commission") amending the Cromwell Zoning Regulations ("Regulations") by eliminating the Planned Residential Development Zone wherein the plaintiffs' premises lie. The citation directs that a proper officer summon and serve process solely upon the Chairman or Clerk of the Commission. The sheriff's return indicates that the Town Clerk of Cromwell was in fact served despite the failure of the citation to so direct.
DISCUSSION
"A motion to dismiss . . . `attacks the jurisdiction of the court . . . .'" Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991), quoting Baskin's Appeal from Probate, 194 Conn. 635,640, 484 A.2d 934 (1984). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). "Furthermore, in the area of subject matter jurisdiction . . . `the court should indulge every presumption in favor of subject matter jurisdiction.'" Caserta v. Zoning Board of Appeals, 219 Conn. 351, 362, 593 A.2d 118
(1991), quoting LeConche v. Elligers, 215 Conn. 701, 714,579 A.2d 1 (1990) (citation omitted). To that end, the court must "consider the allegations of the complaint in the light most CT Page 5403 favorable to the plaintiff." Cummings v. Tripp, 204 Conn. 67, 75,527 A.2d 230 (1987) (citations omitted).
The Commission argues that the failure of plaintiffs to direct the sheriff to serve the Town Clerk of Cromwell in conformity with General Statutes Sec. 8-8(b)[1] and (e) deprives the court of jurisdiction to hear this zoning appeal.
The plaintiffs argue that because General Statutes Sec. 8-8(e) specifically provides that although the clerk of the municipality must be served, he or she is not a necessary party to the appeal and service upon the town clerk is solely for the purpose of providing legal notice to the defendant zoning authority that the town clerk need not be cited and summoned into court so long as he or she is provided with a copy of the appeal.
 General Statutes Sec. 8-8(e) provides that: Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.
"Actual delivery of a copy of the appeal by the sheriff to the town clerk, as occurred in this case, is of no legal effect if there is no direction in the citation to serve the clerk." Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 489, (1988).
The facts of the present case are, for purposes of the matter at hand, indistinguishable from those of Capalbo v. Planning 
Zoning Board of Appeals, supra, and Tamm v. Planning and Zoning Board of Appeals, 5 Conn. L. Rptr. 93, 94 (October 3, 1991, Ryan, J.). The Capalbo court held that the failure to direct that proper service be made upon the town clerk would deprive the court of jurisdiction over the appeal but for the effect of Public Acts 88-79, Sec. 3(a), which "for a stipulated grace period" validated pending zoning appeals which failed to meet certain requirements regarding service. Capalbo v. Planning Zoning Board of Appeals, supra, 488-89. It should be noted that the validating act is inapplicable to the present appeal because it was not brought within the stipulated grace period, namely, between October 1, 1985, and December 1, 1987.
The Tamm court noted that the purpose of the citation is to direct a sheriff or other proper officer to summon the defendant CT Page 5404 agency to a particular sitting of a particular court on a specific day. Tamm v. Planning and Zoning Board of Appeals, supra, 94, citing McQuillan v. Department of Liquor Control, 216 Conn. 667,671, 583 A.2d 633 (1990). The Tamm court further held, that without the benefit of the validating act, that because the sheriff served the town clerk and the chairman of the zoning authority, the defendant zoning authority received no legal notice of the appeal.
Although the town clerk is not a necessary party to a zoning appeal, General Statutes Sec. 8-8(e) unambiguously requires that the town clerk be served in a zoning appeal. Despite the holding of the Tamm court, the fact that the town clerk need not be named as a defendant does not relieve an appellant of the obligation of directing in the citation that the town clerk be served because service upon the town clerk "is of no legal effect if there is no direction in the citation to serve the clerk." Capalbo v. Planning 
Zoning Board of Appeals, supra, 489. "Failure to comply strictly with the provisions of General Statutes Sec. 8-8(b) renders the appeal subject to dismissal." Id., 485 (citation omitted).
CONCLUSION
The court grants the motion to dismiss because the failure of the plaintiff to comply with the requirements of General Statutes 8-8(e) renders the court without jurisdiction to hear this appeal.