[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The defendant moves to dismiss this administrative appeal from a decision of the zoning Board of Appeals for the Town of Coventry.
In bringing this action the plaintiff failed to name the Town Clerk in the citation, which named the Zoning Board of Appeals and the applicant for the special exception (Eugene Sammartino).
Service of process was made on the parties cited and the sheriff also served a copy of the appeal on the Town Clerk.
The defendant claims that the failure to name the town Clerk in the citation violates the provisions of Connecticut General Statutes Section8-8(e), and deprives the Court of subject matter jurisdiction. Section8-8(e) provides in pertinent part:
 Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving CT Page 11129 a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.
The defendant relies on Norwich Roman Catholic Diocesan Corporation, et al v. Cromwell Planning and Zoning Commission, 7 CSCR 899 (Aug. 10, 1992 — Austin, J.), where, in a similar situation, a motion to dismiss was granted. The Court in the Norwich case relied on Copalbo v. Planning and Zoning Board of Appeals, 208 Conn. 480, 489 (1988).
There is, however, a sequel to the decision in the Norwich case. Following the dismissal of the action, the plaintiff in Norwich served amended process on the town Clerk. The amended citation directed the sheriff to serve the town Clerk, and the plaintiff then moved to reopen the judgment of dismissal on the grounds that the defect was cured. The motion to reopen was granted pursuant to the authority of Connecticut General Statutes Section 8-8(P); Castellon v. Board of Zoning Appeals,221 Conn. 374, 384 (1992) and Connecticut General Statutes Section 52-72.
A copy of the written decision granting the motion to reopen is attached hereto.
It does not appear, however, necessary to follow the procedure of the Norwich case to resolve the issue raised by the defendant. The legislative intent in this area post "Simko" is clear. Appeals from zoning authorities should not be invalidated for technical defects in service. See Simko v. Zoning Board of Appeals, 206 Conn. 374 (1988), Ilvento v. Frattali, 210 Conn. 432 (1989).
Connecticut General Statutes Section 52-72 provides in relevant part: "(a) Any Court shall allow a proper amendment to civil process which has been returnable to the wrong return day or is for any other reason defective. . . . (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect from the date of the service, as if originally proper in form. See also Carlson v. Fisher,18 Conn. App. 488, 494 (1989).
For the foregoing reasons the defendant's Motion to Dismiss is granted unless the plaintiff properly amends the citation and reserves the Town Clerk within 21 days from the date of this decision. CT Page 11130