[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action by plaintiff insurance company claims that defendant fraudulently secured disability benefits under an insurance policy issued by the plaintiff. The defendant moves to strike the third count of the complaint which alleges a violation of the Connecticut Health Insurance Fraud Act (CHIFA), and its corresponding prayers for relief. In addition, the defendant moves to strike paragraphs 21 through 23 of the fourth count which allege negligent misrepresentation, and the accompanying prayers for relief.
 I
CHIFA, General Statutes § 53-442, provides, in pertinent part: "A person is guilty of health insurance fraud when he, with the intent to defraud or deceive any insurer, (1) presents or causes to be presented to any insurer . . . any written or oral statement as part of or in support of . . . [a] claim for payment or other benefit from a plan providing health care benefits . . . knowing that such statement contains any false, incomplete, deceptive or misleading information concerning any fact or thing material to such claim or application, or omits information concerning any fact or thing material to such claim or application . . ." General Statutes § 53-444 provides that "[a]ny insurer . . . that is aggrieved as a result of an act of insurance fraud may institute an action against the perpetrator of such fraud to recover all damages resulting from the fraud." CT Page 4664
The third count of the plaintiff's complaint alleges that the defendant applied for disability benefits in February of 1996. The policy provides that in order for an insured to obtain disability benefits, the insured is required to be under a "Physicians Care." According to the allegations in the complaint, the defendant's doctor, who signed the claim forms, had not treated the defendant since November 1995, but, rather, based his endorsement of the claim on the defendant's complaints relayed to him over the telephone. In addition, the third count alleges that the defendant collected total disability benefits from the plaintiff even though the plaintiff was not disabled, as evidenced by the defendant's receipt of income in 1996 ($144,539) and 1997 ($137,356).
The allegations in the third count fail to state a claim upon which relief can be granted under the statute. While it could be implied from the allegations that the defendant made a "statement" to the plaintiff, the allegations do not indicate that the defendant intended to defraud or deceive the plaintiff by submitting a statement as part of her claim containing false, incomplete, deceptive or misleading information. The fact that the defendant was not "treated" in early 1996, when she filed her claim, does not necessarily indicate that she was not "under a Physicians Care" in 1996 and 1997, and fails to sufficiently allege an intent to defraud or deceive through a false, incomplete, deceptive or misleading statement. Similarly, the conclusory allegations that the defendant was not disabled because she received a salary in 1996 and 1997 fails to sufficiently allege intent to defraud or deceive through a false, incomplete, deceptive or misleading statement. Accordingly, the defendant's motion to strike the third count and the corresponding prayers for relief are insufficient at law.
 II
Defendant's motion to strike paragraphs 21 through 23 of the fourth count must fail because separate paragraphs of a complaint are not the proper subject of a motion to strike unless they embody an entire cause of action. See Saint Francis Hospital Medical Center v. DeCaro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.T.R.).
 III CT Page 4665
Defendant moves to strike the plaintiff's first prayer for relief, seeking a "declaration discharging [the plaintiff] from all liability under the disability policy." Plaintiff claims that "`fraud vitiates all contracts.'" and thus because the "defendant committed fraud, the policy is canceled."
In objecting to the motion, the plaintiff cites cases involving fraud in the inducement of the contract, but fails to identify any authority addressing subsequent fraud relating to an allegedly false or improper claim under the policy of insurance. No authority has been cited permitting the cancellation of a policy based on an alleged fraudulent claim absent language in the policy specifying such relief. Cf. Candido v. WorcesterInsurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 242978 (July 22, 1997, Hodgson, J.) (considering policy language providing for the voiding of policy upon concealment, misrepresentation or fraud of insured). Rather, it appears to be the prevailing view that "[i]n the case of an insurance contract, the consequence of an alleged concealment or misrepresentation is the forfeiture of a contractual benefit."Rego v. Connecticut Insurance Placement Facility, 219 Conn. 339,347, 491.
Defendant's motion to strike the third count and the first prayer for relief is granted. Defendant's motion to strike certain paragraphs in the Fourth Count is denied.
Jerry Wagner Judge Trial Referee